FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -2 PM 3:55

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EQUISITO SERVICES, INC.,** | * | **CIVIL ACTION** |
| **and WILLIAM DICKERSON** | * | |
| | * | NO. 00-0040 00-0049 |
| **VERSUS** | * | |
| | * | **SECT.S MAG. 5** |
| **ARAMARK, INC., FORMERLY** | * | |
| **KNOWN AS A.R.A., INC.; and** | * | |
| **JOSEPH NEUBAUER** | * | |
| | * | |

* * * * * * * * * * * * * * * * *

## MOTION FOR RECONSIDERATION

**NOW COME,** plaintiffs, through undersigned counsel and upon suggesting to the Court that plaintiff William Dickerson, in proper person, filed a motion for reconsideration of the court's order dismissing his action without prejudice. Mr. Dickerson's motion for reconsideration was denied. The Court filed a motion to enroll as counsel of record in this matter which was filed January 19, 2001.

We now move the Court to reconsider the dismissal based on the facts more completely set out in the attached memorandum in support of this motion.

**WHEREFORE,** plaintiffs move the court to reconsider the dismissal of this action, and reconsider the dismissal an allow the plaintiff to file a motion to remand or the have the defendants properly served.

Respectfully Submitted:

*[signature: Linda Ritzie]*

Linda Ritzie, (#20342)
921 N. Lobdell, Suite G
Baton Rouge, LA 70806
(225) 925-0586

Case 2:00-cv-00049-MVL   Document 11   Filed 02/02/2001   Page 2 of 12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EQUISITO SERVICES, INC.,** and **WILLIAM DICKERSON** | * * * | CIVIL ACTION |
| **VERSUS** | * * | NO. 00-0040 |
| **ARAMARK, INC., FORMERLY KNOWN AS A.R.A., INC.;** and **JOSEPH NEUBAUER** | * * * * * | SECT.S MAG. 5 |

* * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT:**

This memorandum is respectfully submitted in support of the Motion for Reconsideration previously filed by the plaintiff, pro se.

### BACKGROUND:

On October 10, 1999, this case commenced in state district court, Parish of Orleans, based upon an alleged breach of contract. The defendants are not residents of Louisiana; therefore the plaintiff in attempting to represent himself and his corporation believed he effected service on the defendants by sending a copy of the petition by certified mail. Counsel for defendants stated in his Joint Notice of Removal that on December 13, 1999, defendant, Neubauer received a copy of the petition for damages.

On January 6, 2000, the defendants filed a Joint Notice of Removal in the federal district court, claiming jurisdiction based on complete diversity and jurisdictional amount. (See Para. III (E) of defendants' Joint Notice of Removal) Mr. Dickerson believed the case was proceeding properly, therefore he propounded written discovery on the defendants, to which they never responded.

On May 24, 2000, the Court issued an Order pursuant to Fed. R. Civ. P. 4 (m), for the plaintiffs to show good cause within 30 days in writing for failure to effect service upon any of the defendants. In addition, that failure to do so would result in dismissal of the action without prejudice, without further notice from the court.

On October 17, 2000, another Order was issued by the Court pursuant to Fed. R. Civ. P. 4 (m), regarding failure to effect service upon the defendants. Thus, on December 5, 2000, the Court issued an Order and Judgment dismissing the plaintiff's claims and demands, without prejudice for failure to prosecute. On December 14, 2000, the plaintiffs filed a Motion for Reconsideration. Counsel was retained on January 19, 2001 on behalf of the plaintiffs.

4

## LAW AND ARGUMENT

Rule 4 (m) of the Federal Rule of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to the defendant without prejudice upon the Court's own initiative with notice to such party or upon motion.

In this case, the plaintiff did not file the complaint in the federal court, but instead, defendants filed Notice of Removal to federal court pursuant to 28 U.S.C. Section 1446(b). Defendants allege that there is complete diversity and jurisdictional amount pursuant to 28 U.S.C. Section 1441, therefore the claims may be subject to federal subject matter jurisdiction. At the same time the defendants state the plaintiffs' petition failed to state a monetary demand, therefore they simply concluded that the amount of each plaintiff's claim placed an amount in controversy which exceeds the sum of $75,000, excluding interest.

Mr. Dickerson was operating under the assumption that the appearance of counsel on behalf of the defendants in filing the Notice of Removal constituted admission of receiving service of a copy of the petition for damages. Mr. Dickerson acted pro se, perhaps unwisely, but in good faith in his beliefs. A close reading of Rule 4(m) which speaks to the "filing of a

complaint" would not readily lead a lay person to belief this Rule was applicable in this case.

## Subject Matter Jurisdiction

The first issue on a case removed to federal court is whether the district court would have subject mater jurisdiction over a case properly removed for original jurisdiction is absolutely essential to maintenance of an action if federal court. See Avitt v. Amoco Prod. Co., 53 F. 3d 690, 693 (5th Cir. 1995) If the court concludes that it lacks subject matter jurisdiction, the court has no choice but to remand the case to state court. 28 U.S.C. § 1447 (c). Moreover, if at any time prior to final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded.

A clear analytical frame work for resolving the amount in controversy for actions removed from Louisiana state court pursuant to § 1332 (a)(1) have been set out in Luckett v. Delta Airlines, Inc., 171 F. 3d 295, 298 (5th Cir. 1999), which provides in pertinent part that the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The defendant must prove that amount either by demonstrating that the claim in controversy either is likely above $75,000.00 in sum or value, or by setting forth facts. (Quoting Allen v. R & H Oil & Gas Co., 63 F. 3d 26

(5th Cir. 1995); Simon v. Wal-Mart Stores, Inc., 193 F. 3d 848, 850 (5th Cir. 1999). Although this is a claim for damages resulting from a breach of contract and not personal damages, the plaintiffs did not make a specific demand for the damages each may have suffered. Moreover, the defendant failed to demonstrate that that the damages to each plaintiff would exceed $75,000.00 or set forth any facts to support this allegation.

Thus, if the court lacked subject matter jurisdiction, any action would be deem null and void. To avoid the possibility of an appeal and additional delays, it would be in the best interest of justice and all concerned to allow additional time for counsel to effect service on the defendants and the opportunity to file a motion to remand the case to state court.

Mr. Dickerson acted pro se and clearly did not understand the procedural rules. However, there is an issue of whether counsel for the defendant made a general appearance when he filed the Notice of Removal in the state court. Moreover, one defendant admits to receiving a copy of the petition for damages which counsel obviously deemed sufficient notice to file a response by removing the case to federal court. At no time did the defendant file an exception as to the sufficiency of service in state court or this court. Thus, it is paramount that the issue of subject matter jurisdiction

7

be reviewed in addition to a waiver of the right to complain about insufficiency of service.

## TIMELINESS of REMOVAL

The procedure for removal is set forth by . The pertinent part governing timeliness of removal is 1446(b), which states:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of Title 28 more than 1 year after commencement of the action.

Ultimately, even if the case was timely removed pursuant to the thirty day rule, if this court lacks subject matter jurisdiction, the issue of timely

8

service would be moot. Hence, if the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable; or if lapsed right to remove an initially removable case within thirty days is restored when the complaint amended so substantially as to alter the character of the action and constitute essentially a new lawsuit. This Circuit recognized the exception in Cliett v. Scott, 233 F.2d 269, 271 Page 242 (5th Cir. 1956), holding that "[al]though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed [in the same case]." Id. (Footnote omitted, citing Evans v. Dillingham, C.C., 43 F. 177; Mattoon v. Reynolds, C.C., 62 F. 417; Henderson v. Midwest Refining Co., 10 Cir., 43 F.2d 23, 25; Baron v. Brown, D.C., 83 F. Supp. 520.)

In this case the petition was never amended to supply allegation regarding the amount in controversy, or alleging new causes of action, therefore the court cannot clearly ascertain from the original pleading whether the case was one which was removable.

In conclusion, this case should be reinstated for further proceeding, including the consideration of subject matter jurisdiction and remand to state court.

Respectfully submitted:

*[signature]*

Linda Ritzie, (#20342)
921 N. Lobdell, Suite G
Baton Rouge, LA 70806
(225) 925-0586

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUISITO SERVICES, INC., <br> and WILLIAM DICKERSON | * <br> * <br> * | CIVIL ACTION <br><br> NO. 00-0040 |
| VERSUS | * <br> * | <br> SECT.S MAG. 5 |
| ARAMARK, INC., FORMERLY <br> KNOWN AS A.R.A., INC.; and <br> JOSEPH NEUBAUER | * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that at copy of the above and foregoing Motion for Reconsideration has been served on Mr. Craig Caesar, 643 Magazine St., New Orleans, La 70130, via U. S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana this 29th day of January 2001.

_____
Linda Ritzie

---

# LINDA RITZIE
## ATTORNEY AT LAW

---

February 2, 2001

**VIA FASSIMILE (504) 589-3199**

United States District Court
Eastern District of Louisiana
Clerk of Court
Hon. Loretta G. Whyte
500 Camp Street
New Orleans, La 70130

RE: Equisito Services Inc., et al v. Aramark, Inc., et al
Civil Action No. 00-0040

_NOTICE OF HEARING_

Dear Ms. Whyte:

In reference to the Motion for Reconsideration filed in the above matter, please notice a hearing on the motion for the next date that you advise me is the 21st of February, 2001, at 10:oo a.m.

The other counsel to be noticed on behalf of the defendants is Mr. Craig Caesar, 643 Magazine Street, New Orleans, Louisiana 70130.

Thank you for your assistance in this matter.

Sincerely yours,

Linda Ritzie

LR/vwm

---

921 N. LODBELL AV., SUITE G  • BATON ROUGE, LA • 70806
PH. (225) 925-0586 * FAX (225) 926-1155