



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUISITO SERVICES, INC. AND | * | CIVIL ACTION |
| WILLIAM DICKERSON | * | NO. 00-0049 |
|     **Plaintiffs** | * | |
| | * | |
|       **VERSUS** | * | SECTION "S" |
| | * | |
| ARAMARK, INC., FORMERLY | * | |
| KNOWN AS A.R.A., INC.; AND | * | MAGISTRATE "5" |
| JOSEPH NEUBAUER | * | |
|     **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF DISMISSAL OF COMPLAINT FOR FAILURE TO PROSECUTE CLAIM

**NOW INTO COURT**, through undersigned counsel, come defendants, ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK") and Joseph Neubauer (together, "Defendants"), who respectfully file their Memorandum in Opposition to the Motion for Reconsideration filed by plaintiff William D. Dickerson ("Plaintiff"). Plaintiff's *second* Motion for Reconsideration asks this Court to overturn both its Order and Judgment, entered December 6, 2000, dismissing this case, and its Order and Reasons, entered January 11, 2001, denying Plaintiff's *first* Motion for Reconsideration of that dismissal. For the reasons set forth below, Defendants ask that this Court deny this new

252223.1

Motion for Reconsideration because it presents nothing new for the Court to consider. As the Court correctly determined previously, after filing a Petition in state court on October 16, 1999, and after receiving at least two warnings that his case was subject to dismissal for non-prosecution (*i.e.,* failing even to serve the Petition), Plaintiff failed to do anything until after the Court had dismissed the case. Thereafter, Plaintiff failed to follow the Court's order, entered December 14, 2000, to appear for a hearing on his first Motion for Reconsideration on January 10, 2001. As a result, that Motion for Reconsideration was properly denied. Having done nothing to advance his cause despite having been given more than ample opportunity by the Court to do so, Plaintiff should not receive any further indulgence from the Court. Accordingly, Defendants ask that this second Motion for Reconsideration, like the first, be denied.

## I.    STATEMENT OF FACTS

As noted, this case was filed in Civil District Court, Parish of Orleans, State of Louisiana, on October 16, 1999. From that date until this case was dismissed on December 6, 2000 (or at any point thereafter), Plaintiff did not serve either of the Defendants as prescribed by Federal Rule of Civil Procedure 4. Defendant Neubauer, an ARAMARK employee who is a citizen and resident of Pennsylvania, did receive a copy of the Petition some two months later, on December 13, 1999, but the form of transmittal to him did not constitute proper service on either of the Defendants. Thereafter, on January 6, 2000, Defendants timely removed the case to this Court pursuant to 28

U.S.C. § 1441.[1]

On May 25, 2000, and again on October 18, 2000, this Court entered Orders requiring Plaintiff, on peril of dismissal without notice for failure to comply, to show good cause in writing within thirty (30) days why service of process had not been effected on the Defendants. Plaintiff still did nothing. As a result, on December 6, 2000, the Court dismissed the case.

One week later, on December 13, 2000, Plaintiff filed his first Motion for Reconsideration. In response, the Court required Plaintiff to appear with his counsel on January 10, 2001, for a hearing on the Motion. Neither Plaintiff nor his counsel appeared for the hearing, although counsel for Defendants did appear. Based on this latest demonstration of a lack of an interest in pursuing the case, the Court denied Plaintiff's Motion for Reconsideration.

According to the time and date of the Clerk's filing stamp, at 1:07 p.m. on the afternoon of January 10, 2001, counsel for Plaintiff, who had been ordered to appear in person before the Court at 10:00 a.m. that morning, filed a Motion to Enroll as counsel of record. The Court's dismissal of the case was filed in the Clerk's office at 5:03 p.m. on January 10, and was entered on the docket

---

[1]Although Plaintiff now seeks to cast doubt on the propriety of that removal, suggesting that the diversity jurisdictional amount of $75,000 has not been established (there is no dispute that the parties are completely diverse), no such objection was ever filed prior to the dismissal of the case for non-prosecution, as it should have been to preserve the right to seek remand. *See Davis v. Ciba-Geigy Corp.,* 958 F. Supp. 264, 265-66 (M.D. La. 1997). Moreover, that Plaintiff mailed discovery requests to Defendants' counsel on September 13, 2000, albeit under the mistaken belief that Defendants had been properly served and therefore had an obligation to respond to such requests, strongly argues that Plaintiff has waived any objection to removal. *See Koehnen v. Herald Fire Ins.Co.,* 89 F.3d 525, 528-29 (8th Cir. 1996).

sheet the next day. The Motion to Enroll was signed by the Court on January 11, and was entered

on the docket sheet on January 12. The second Motion for Reconsideration of the dismissal of the

case was filed by counsel for Plaintiff on February 2, 2001, or more than ten (10) days later

(calculated in accordance with Fed. R. Civ. P. 6(a) ). The Court set that Motion for hearing on

February 21, 2001. Both sides' counsel appeared in Court; however, it was determined that the

matter would be submitted on the papers and that Defendants should file a written response in

opposition to the Motion on or before February 28, 2001.

## II.    LAW AND ARGUMENT

In his second Motion for Reconsideration of the Court's dismissal of his claims, Plaintiff

appears to argue that the case should be reinstated for three reasons: (1) that despite two warnings

to the contrary, "[Plaintiff] believed the case was proceeding properly" after the removal and that his

lack of knowledge of proper procedure should not be held against him; (2) that counsel for

Defendants may have "made a general appearance when . . . the Notice of Removal . . . [was filed]

. in state court;" and (3) that the removal was defective because it was not clear from the Petition

that the jurisdictional minimum of $75,000 was at issue. The second argument is so clearly without

merit that its requires minimal response. The very concept of removal, which by federal statute is

effected by the filing of a notice in state court, is totally at odds with the notion that the mere act of

filing the required notice creates state court jurisdiction. Accordingly, no "general appearance" took

place. Had Defendants followed Plaintiff's proposed course of action and filed an exception of

insufficiency of process in state court, then they indeed might have submitted to the jurisdiction of that court. Filing the Notice of Removal was one the one sure way to avoid such a position.

With respect to Plaintiff's assertion that the dismissal should be vacated because Plaintiff, as a pro se litigant, should be held to a lesser standard of compliance with the Federal Rules of Civil Procedure, such an argument might be worthy of consideration if not for the fact that Plaintiff was warned not once, but twice, that proper service had not been made, and that dismissal would occur unless the plain language of the Court's May 25 and October 18, 2000 Orders was followed. Moreover, Plaintiff appears to have been sufficiently sophisticated to have prepared without retaining counsel of record the Petition itself (service of which he asked to be withheld), as well as a post-removal set of interrogatories and document requests directed to Defendants, which were mailed to undersigned counsel on September 13, 2000, some three months after the Court's first warning regarding dismissal. (Copies of these discovery requests are attached hereto as *in globo* Exhibit "A"). In addition, and again without retaining counsel of record, Plaintiff was able to prepare and file on December 13, 2000, his first Motion for Reconsideration of the Court's dismissal of the Petition, which this Court set for oral argument. Having been able to accomplish all of these steps, should Plaintiff now be able to claim that his formerly pro se status entitles him to special consideration? Defendants suggest not, for even when this Court gave Plaintiff a chance to obtain a lawyer and simply appear with such counsel for a hearing on the first Motion for Reconsideration on January 10, Plaintiff apparently showed so little regard for his claim or the Court that, even if he had not yet

obtained a lawyer (the timing of which is not clear), he still determined not to appear.[2]

With respect to the other assertion by Plaintiff, namely, that removal was improper because the requisite jurisdictional amount under 28 U.S.C. § 1332 had not been alleged in the Petition or established in the Notice of Removal, Defendants believe that the time for Plaintiff to seek a remand on such a basis has long since passed – indeed, a motion to remand should have been filed more than a year ago. The burden of showing that removal is proper falls on the defendant only if a remand is timely sought. In any event, the Petition does seek lost profit damages for an alleged bad-faith breach of a purported joint venture agreement to provide food services to the New Orleans Convention Center *running from 1989 to the present*. Under any reasonable interpretation of facts, such a contract, if breached in bad faith for *ten (10) years*, could form the basis for a claim for damages that would exceed the jurisdictional amount. Defendants included an averment to that effect in their Notice of Removal.

Nothing stated in Plaintiff's second Motion for Reconsideration, which unquestionably *was* drafted by counsel, provides any factual or legal basis for the Court to conclude that it did not have subject matter jurisdiction over this case after it was removed by Defendants. Plaintiff is now reduced to grasping for any conceivable basis to undo what his own unjustifiable neglect has caused. Plaintiff

---

[2] In the second Motion for Reconsideration, Plaintiff's counsel states that she was not retained until January 19, 2001. No excuse is offered for Plaintiff's own failure to appear at the hearing on the morning of January 10. Defendants would also note that despite being retained on January 19, 2001, Plaintiffs' counsel filed a Motion to Enroll nine (9) days earlier, on the afternoon of January 10.

could have remedied his plight on at least three specific prior occasions – after the May 25, 2000

Order, after the October 18, 2000 Order, and after the first Motion for Reconsideration was set for

hearing on January 10, 2001 – yet he failed to do so.  This Court has been given no justifiable reason

why Plaintiff should be afforded another chance.  Thus, Plaintiff's second Motion for Reconsideration

of the dismissal of his Petition should, like the first, be denied.

## III.    CONCLUSION

For the foregoing reasons, Defendants ARAMARK Sports and Entertainment Services, Inc.

and Joseph Neubauer respectfully request this Court to deny Plaintiff's Motion for Reconsideration

of its Order and Judgment, entered December 6, 2000, dismissing Plaintiff's claims and demand for

failure to prosecute.

Respectfully submitted,

**E. FREDRICK PREIS, JR. (10704)**
**CRAIG L. CAESAR, T.A. (19235)**
McGLINCHEY STAFFORD
A Professional Limited Liability Company
643 Magazine Street
New Orleans, LA 70130
Telephone (504) 586-1200
Fax (504) 596-2800

**ATTORNEYS FOR ARAMARK SPORTS**
**AND ENTERTAINMENT SERVICES, INC.**
**AND JOSEPH NEUBAUER**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been

forwarded to all counsel of record by placing a copy of same in the United States Mail, postage

prepaid and properly addressed this 28th day of February, 2001.

Craig L. Caesar

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

EXQUISITO SERVICES, INC. ET AL    *
            **Plaintiff**    *

VERSUS                   *
                       *
                       *    **CIVIL ACTION NO. 00-0049**

ARAMARK INC., ET AL      *
            **Defendant**    *    **SECTION "S"**

* * * * * * * * * * * * * * * * * * * * * * * *

### FIRST SET OF INTERROGATORIES AND REQUEST
### FOR PRODUCTION OF DOCUMENTS

TO:    Aramark Inc., ET AL.
       Through their Counsel of Record:
       McGlinchey & Stafford
       Attention: Mr. Craig Caesar
       643 Magazine Street
       New Orleans, LA. 70130

      Defendant Aramark Inc., et al., through undersigned counsel, hereby serves the following

First Set of Interrogatories to Plaintiff, pursuant to the Federal Rules of Civil Procedure, to be

answered fully and under oath within thirty (30) days after service.

### DEFINITIONS AND INSTRUCTIONS

A.    The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic or graphic matter of any kind or character, and any recorded materials, however produced or reproduced, in your possession or control or known by you to exist, including, without limiting the generality of the foregoing, all drafts, contracts, letters, diaries, calendars, day-timers, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, summaries, records, graph, maps, charts, plans, sketches, studies, reports, lists, minutes, brochures, pamphlets, circulars, press releases, entries, in books of account, computer printouts, computer tapes, computer disks, microfilm, microfiche, tape recording, photographs, motion pictures, videotapes, plates, diagrams, surveys, voice taped or recording relating or referring tin any way to subject matter of these interrogatories and all amendments, addenda or attachments to those such "documents."

B.    The term "communication" shall mean the transmission of information from one person to another or in the presence of another whether written, oral, telephone electronic or by any other means.

C.    The term :person" shall mean the plural as well as the singular and includes, without limitation, any individual, partnership, firm or corporation, association, joint venture, federal, state or local government agency or department or any other business, legal or governmental entity.

D.    The Terms "you" and "your" shall mean Exquisito Services, Inc., et al, and every other individual who, because acting as his representative, can be required by him to furnish information, including any person acting on his behalf as his representative in the investigation or preparation of this or any related action.

E.    The term "defendant" shall mean Aramark Inc., et al.

F.    The term "identify" or "identification" and "describe" or description":

    1.    When used in reference to an individual, shall mean to state his or her full name, present or last known home address and telephone number, business affiliation, business, business telephone number, job title and description of duties.

    2.    When used in reference to a corporation, shall mean to state its full legal name, its trade name (if any), its state of incorporation, and the address and telephone number of its principal place of business.

    3.    When used in reference to a person than an individual or corporation, shall mean to state its full legal name, its trade name (if any), its organizational form, and the address and telephone number of its principal place of business.

    4.    When used in reference to a document, shall mean to state the type of document, date, author, addresses, title, its present location, the full name and business address an telephone number of its custodian, and the substance of the contents hereof. In lieu of identifying any documents, copies thereof may be furnished;

    5.    When used in reference to an agreement or contract, shall mean to state the full names of each party to the agreement or contract, the date on which it was entered into, the place where it was perfected, its terms and/or conditions, its present location, and the substance of the contents thereof. If the agreement or contract has been amended, this must be stated and the above information furnished on each such amendment. In lieu of identifying and agreement or contract, copies thereof may be furnished.

    6.    When used in reference to any act, occurrence, occasion, meeting, transaction, investigation, examination, expression or conduct (collectively,

"act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, including each person's name, home address and telephone number, business affiliation, business address and telephone number, and occupation, present or involved, and the documents relating or referring in any was thereto; when used in reference to any discussion, conversation, communication, investigation, examination or statement (collectively, discussion"), shall mean in addition to the  foregoing to set forth the substance of the discussion.

G.     Pursuant to Fed. R. Civ. Proc. 26 (e),  these  interrogatories are deemed  a continuing request, requiring supplemental responses thereto to be seasonally given in the event  that information is discovered, acquired or becomes known to you which would require amendment or supplement or supplementation of the responses to this request in order for your responses to be proper, complete, and/or truthful.

## INTERROGATORIES

## INTERROGATORY NO. 1.

Identify any and all persons who may have knowledge of any matter related to the issues in this lawsuit and, for each, state the extent of their knowledge.

## INTERROGATORY NO. 2.

Identify all persons who are presently or are formerly employed by defendant with whom you have had contact or conversation, orally or in writing, concerning any matter in any way

pertaining to the allegation contained in your Complaint, and for each person identified state the substance or nature of the contact or conversation.

### INTERROGATORY NO. 3.

Identify all facts upon which you base the claim for terminating the contract with Exquistio Services, Inc. Your response to this interrogatory should include but not be limited to identifying the dates upon which such complaint was allegedly made, all individuals who were present when said complaints was allegedly made, what was said by each individual who was present when said complaints was allegedly made, what was told to you in response to making said alleged complaints , and what specific action(s) were taken by defendant in response to said alleged complaint.

### INTERROGATORY NO. 4.

Please list any and all complaints that were filed with EEOC against your company for the last 10 years up to the present date and documentation of their outcome.

## INTERROGATORY NO. 5.

Please provide the names of all minority contracts that you had and currently have with a joint venture partnership from 1983 to present.

## INTERROGATORY NO. 6.

Please identify all minorities contracts with a joint venture partnership that have been terminated from 1983 to present.

## INTERROGATORY NO. 7.

Please identify and name any person(s) who is the decision maker for determing the contract with Exquisito Service, Inc., and Aramark Inc., should have been identify, any warnings, written agreements or notices that were given to Exquisito Services, Inc., before the contract was canceled. Please identify the person(s) who are or were responsible for the above.

**INTERROGATORY NO. 8.**

If such notices or warning were given please state the normal procedure for canceling

contracts and the person(s) responsible for this task.

**INTERROGATORY NO. 9.**

Identify any specific and demeaning or degrading comments and statements that were

allegedly made if any, the dates and places where such documents and statements if any were

allegedly made or took place, and all individuals who made, witnessed and/or overhead any of the

alleged comments and statements.

**INTERROGATORY NO. 10.**

Please list any company restrictions if any involved in contract cancellations at the time

this contract was canceled  and the individuals responsible for this cancellation of contracts.

**INTERROGATORY NO. 11.**

Identify all facts upon which you base the claim.

**INTERROGATORY NO. 12.**

Identify all persons who would receive complaints or claims verbally and in writing to and

the procedure for handling such complaints, any counseling and /or prevention's rules,. regulations

that are or were in place to avoid cancellation of contracts.

**INTERROGATORY NO. 13.**

Itemize, with specificity, all elements of damages and other monetary relief the company

has paid as a result of any contract cancellation/violations claimed in any and all lawsuits, the

dollar amount sought in connection with each claim and state how you estimated each dollar

amount claimed.

**INTERROGATORY NO. 14.**

Have you ever idemtified any governing body, agents or individuals for any potential

litigation from your minority joint venture partnerships so, please identfy?


Respectfully Submitted By:

*William D. Dickerson*

William D. Dickerson in Proper Person
1805 Shady Knoll Place
Baton Rouge, La.  70818
(225)  262-0512


**CERTIFICATE OF SERVICE**


I certify that I have on this date served a copy of this foregoing on counsel or record for
all parties to this proceeding, by mailing the same by United States mail, properly addressed, and
first class postage prepaid.

Baton Rouge, Louisiana, this _13th_ day of _September_, 2000.


*William D. Dickerson*

William D. Dickerson in Proper Person

**WILLIAM D. DICKERSON IN PROPER** *
**PERSON & EXQUISITO SERVICES,** *
**INC. ET AL**                **Plaintiff** *
                                          *
**VERSUS**                               *
                                          *
                                          *    **CIVIL ACTION NO. 00-0049**
**ARAMARK INC., ET AL**                  *
                        **Defendant**     *    **SECTION "S"**
* * * * * * * * * * * * * * * * * * * * * *

TO:    Aramark Inc., ET AL.
       Through their Counsel of Record:
       McGlinchey & Stafford
       Attention: Mr. Craig Caesar
       643 Magazine Street
       New Orleans, LA. 70130


       Defendant Aramark Inc., et al., through undersigned counsel, hereby request defendant

produce the following documents and things for inspection and/or copying at the office

McGlinchey & Stafford, Attention: Mr. Craig Caesar, 643 Magazine Street, New Orleans, La.

70130 within (30) days after service, pursuant to the Federal Rules of Civil Procedure.


## DEFINITIONS AND INSTRUCTIONS

A.    Pursuant to Fed. R. Civ. Procedure. 26(e), this request for production of documents is
      deemed a continuing request, requiring supplemental responses thereto to be seasonally
      given in the event that information or documents are discovered, acquired or become
      known to you which would require amendment or supplementation of the responses to
      this request in order for your responses to be proper, complete and/or truthful.

B.    In responses to this request, furnish such documents or information as is available to you,
      not merely information you now have within your own personal possession. This is
      deemed to require you to furnish documents or information which is in your possession or
      which is in the possession of your agents, attorneys and any other person who is subject to
      your custody and control.

C.    In responding to this request, furnish documents as they are kept in the usual course of
      business or organize them to correspond with the categories this request, pursuant to
      Fed. R. Civ. Proc. 34(b).

C.  In responding to this request, furnish documents as they are kept in the usual course of business or organize them to correspond with the categories of this request, pursuant to Fed. R. Civ. Proc. 34(b).

D.  If you cannot respond to an individual request or subpart of a request fully, please respond to the request or subpart to the fullest extent possible, specifying with particularity and in detail the reason(s) for your inability to respond to the remainder of the request or subpart and stating whatever information or knowledge you have concerning the portion of the request to which you do not respond.

E.  Certain of the requests may request you to provide documents which "refer or relate" to a particular subject matter, which others may call for you to provide documents that "discuss or analyze" a particular subject matter.  The term "refer or relate " is more inclusive an calls for you to provide documents that either have some bearing on the subject or mention the subject, even only if in passing.  The term " discuss" applies to documents that contain significant or repeated references to a particular subject matter an include summaries of factual information and statistical compilations.  The term "analyze" applies to documents that contain explanation, projections or evaluation of particular subject matter as well as documents with analyze cause and effect, arguments pro and con or reasons for and against a particular subject matter.

F.  With regard to documents for which  you claim are privilege, identify each such documents, as used herein, state the type of privilege claimed, and the statue or case law forming this legal basis.

G.  The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic or graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist including, without limiting the generality of the foregoing, all drafts, contracts, agreements, letter, dairies, calendars, day-timers, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, lists, minutes, brochures, pamphlets, circulars press releases, entries in books of account, computer printouts, computer tapes, computer disks, micro file, microfiche, tape recordings photographs, motion pictures, videotapes, plats, diagrams, surveys, voice tapes or recordings relating or referring in any way to the subject matter of these interrogatories and all amendments, addenda or attachments to those such "documents."

H.  The term "communication" shall mean the transmission of information from one person to another or in the presence of another whether written, oral, telephonic, electronic or by any other means.

I.  The term "person" shall mean the plural as well as the singular and include, without limitation, any individual, partnership, firm or corporation, association, joint venture, federal, state or local government agency or department or any other business, legal or governmental entity.

J.    The terms "you" and "your" shall mean Aramark Inc., and every other individual who, because acting as their representative, can be required by him to furnish information, including any person actin on his behalf as his representative in the investigation or preparation of this or any related action.

K.    The term "defendant" shall mean Aramark Inc.

L.    The terms "identify" or "identification" and "describe" or "description."

    1.    When used in reference to an individual, shall mean to state his or her full mane, present or last known home address and telephone number, business affiliation, business address, business telephone number, job title and description of duties:

    2.    When used in reference to a corporation, shall mean to state its full legal name, its trade (if any), its state of incorporation, and the address and telephone number of its principal place of business;

    3.    When use in reference to a person other than an individual or corporation, shall name to state it full legal name, its trade name (if any), its organizational form, and the address and telephone number or its principal place of business;

    4.    When used in reference to a document shall mean to state the type of document, date, author, addressee, title, its present location, the full name and business address and telephone number of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be furnished.

    5.    When used in reference to an agreement or contract, shall mean to state the full names of each party to the agreement or contract, the date on which it was entered into, the place where it was perfected, its terms and/or conditions, its present location, the full name and business address and telephone numbers of it custodian, and the substance of the contents thereof.  If the agreement or contract has been amended, this must be state and the above agreement or contract, copies thereof may be furnished.

    6.    When used in reference to any act, occurrence, occasion, meeting, transaction, investigation, examination, expression or conduct (collectively,  "act"" shall mean to set forth the event constituting such act, its location, the date and person, participating, including each such person's name, home address and telephone number, business affiliation,, business address and telephone number, and occupation, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, conversation, communication, investigation, examination or statement (collectively, "discussion"), shall mean in addition to the foregoing to set forth the substance of the discussion.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1.

Identify all documents which you intend support any of the factual assertions or claims in this lawsuit, as well as each document or item which you may or will offer as exhibit at the trial of any hearing of this lawsuit.

### REQUEST FOR PRODUCTION NO. 2.

Produce all statements, whether recorded, oral, written, and bid documents transcribed or of any nature, or notes or documentation regarding any statements or communication, which are in the possession of you or your attorneys, that have any relationship to this litigation. This request includes but is limited to, any and all statements in any form given by any person who may have knowledge of any facts pertaining to this case, any statements made or given by you, or by any expert, or any person who may be a wittiness at the trial or hearing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3.**

Produce all documents or any form of communications between you and defendant.

**REQUEST FOR PRODUCTION NO. 4.**

Produce all dairies, notes journals, or calendars in which you wrote or which you kept for

the time period beginning January 1983 through present date.

**REQUEST FOR PRODUCTION NO. 5.**

Produce all documents received by you during the contract period with the plaintiff or

which relate in any way to the contract with plaintiff, including but not limited to correspondence

and notes or conversation and occurrence, personnel handbooks, employee manuals, company

policies, bulletins, letters, and bid documents.

**REQUEST FOR PRODUCTION NO. 6.**

Produce any documents which you provided to (or received from) the Equal Employment

Opportunity Commission and the Louisiana Commission on Human Rights.

**REQUEST FOR PRODUCTION NO. 7.**

Produce all recorded or written statements obtained by you from any current or former

contractors of defendant regarding discrimination complaints or contract cancellations.

**REQUEST FOR PRODUCTION NO. 8.**

Produce all documents or reports sent to or received from any potential witnesses in this

lawsuit, including expert witnesses.

**REQUEST FOR PRODUCTION NO. 9.**

Produce all documents or physical or demonstrative evidence which you may or will

introduce at the trial or any hearing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 10.**

Produce all documents which you contend to support any of the factual assertions or

claims in this lawsuit.

Respectfully Submitted By:

*William D. Dickerson*
William D. Dickerson
Proper Person
1805 Shady Knoll Place
Baton Rouge, La. 70815
(2250  262-0512

**CERTIFICATE OF SERVICE**

I certify that I have on this date served a copy of this foregoing on counsel or record for

all parties to this proceeding, by mailing the same by United States mail, properly addressed, and

first class postage prepaid.

Baton Rouge, Louisiana, this ___13th___ day of ___September___, 2000.

*William D. Dickerson*
William D. Dickerson in Proper Person