FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -2 PM 2:45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EXQUISITO SERVICES, INC., *et al.* | CIVIL ACTION |
| VERSUS | NO: 00-0049 |
| ARAMARK, INC., *et al.* | SECTION: "S" (5) |

## ORDER AND REASONS

Plaintiff William D. Dickerson has moved for reconsideration of the court's December 6, 2000 Order and Judgment dismissing this case without prejudice for failure to prosecute (Document 11). **IT IS ORDERED** that plaintiff's motion is hereby **GRANTED**.

A.  Background.

Plaintiffs Dickerson and Exquisito Services, Inc. filed this suit *pro se* on October 13, 1999 in the Orleans Parish Civil District Court against defendants Aramark, Inc. f/k/a A.R.A., Inc. and Joseph Neubauer. Defendants removed the case on January 6, 2000. Although neither was served, defendant Neubauer averred that he received a copy of the suit on December 13, 1999. Defendants alleged that the court had subject matter jurisdiction on the basis of diversity.

Because plaintiffs had never served defendants, the court issued an order on May 25, 2000 directing plaintiffs to show good cause in writing within 30 days why service had not been

DATE OF ENTRY
MAY 0 2 2001

effected, or suffer the possible dismissal of their suit under Rule 4(m). The orders sent to plaintiffs by the clerk were both returned as undeliverable. On August 14, 2000, Dickerson provided the court with a valid address, and the order of May 25th was mailed to him at that address four days later. The court also mailed Dickerson an identical order entered October 18, 2000. Plaintiffs did not file anything into the record in response to these orders.

On December 5, 2000, the court signed an Order and Judgment dismissing plaintiffs' case without prejudice under Rule 4(m) for failure to prosecute. Dickerson filed a Motion for Reconsideration on December 13, 2000. Dickerson stated that he thought that because defendants had removed the case, he did not need to serve them. Dickerson also stated that he was seeking to retain counsel. The court entered an Order on December 14, 2000, setting Dickerson's motion to reconsider for hearing on January 10, 2001 and directing him and his attorney to be present at the hearing.

Neither Dickerson nor any attorney acting on his behalf appeared at the hearing on January 10, 2001. Dickerson has contended, and the court has verified, that personnel in the Clerk of Court's office told Dickerson and his counsel that they did not have to attend the January 10, 2001 hearing. Dickerson, in fact, did appear in court later in the day on January 10, 2001, but by that time the court had already denied his motion.

On February 2, 2001, Dickerson's new counsel, Linda Ritzie, filed a second Motion for Reconsideration. This motion requested reconsideration of the order dismissing Dickerson's case, arguing that plaintiff was a layman and did not understand that he had to effect service on defendants. Further, plaintiff's counsel argued that the amount in controversy does not exceed $75,000, and consequently "any action would be deem null and void."

2

**B.    Analysis.**

Fifth Circuit precedent governing motions to reconsider is well settled. Although the federal rules do not specifically address motions to reconsider, the Fifth Circuit has held that a motion to reconsider filed within ten days after entry of an order should be treated as a motion to alter or amend under Rule 59(e); if the motion is filed after ten days have elapsed, it should be treated as a motion for relief under Rule 60(b). *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S. Ct. 171 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 15 (5th Cir. 1994); *Loper v. National Union Fire Ins. Co.*, No. 99-1350, 2001 WL 263098, at *1 (E.D. La. March 16, 2001); *Motiva Enterprises, LLC v. Wegmann*, No. 00-3096, 2001 WL 246414, at *1 (E.D. La. March 12, 2001). In this case, Dickerson's motion to reconsider was filed on February 2, 2001, more than ten days after the dismissal order (and more than ten days after entry of the order denying Dickerson's original motion to reconsider); consequently, it should be deemed a Rule 60(b) motion.

"Granting or denying a motion under Rule 60(b) is within the discretion of the district court . . . ." *In the Matter of Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). Although the court does not condone Dickerson's inaction after receiving two notices, it was the court's intention that if Dickerson secured counsel and appeared on January 10, 2001, he would be given one last chance to diligently prosecute his suit. Due to a mistake by the Clerk of Court, this opportunity was taken from him. The court finds that, under these circumstances, his motion

3

to reconsider should be granted.

New Orleans, La. this ___1___ day of May, 2001.

_____
Mary Ann Vial Lemmon
United States District Judge