

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 JUL 12 PM 4:44
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. AND WILLIAM DICKERSON<br>Plaintiffs | * * * * | CIVIL ACTION<br>NO. 00-0049 |
| VERSUS | * * | |
| | * | SECTION "S" |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER,<br>Defendants | * * * * | MAG. DIV. 5 |
| *    *    *    *    *    *    *    * | | |

### ANSWER OF DEFENDANTS TO
### FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come defendants ARAMARK Sports and Entertainment Services, Inc., and Joseph Neubauer ("Defendants"), and in response to the First Amended Complaint filed by plaintiffs Exquisito Services, Inc , and William Dickerson ("Plaintiffs") state as follows:

### First Affirmative Defense

The First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by prescription.

Fee_____
Process____
X bktd_____
CtRmDep_____
Doc.No._____

### Third Affirmative Defense

Defendants have not committed a breach of any alleged contractual obligation claimed to be owed to Plaintiffs.

### Fourth Affirmative Defense

Defendants are not liable to Plaintiffs for any alleged damages that Plaintiffs claim to have suffered as a result of any act or failure to act on the part of the Defendants.

### Fifth Affirmative Defense

Even if Plaintiffs have suffered any damages, which Defendants expressly deny, Plaintiffs have failed to mitigate such damages.

### Sixth Affirmative Defense

Plaintiffs' contractual claims are barred by failure of consideration due to nonperformance.

### Seventh Affirmative Defense

Any contract between Plaintiffs and any predecessor to Defendant ARAMARK Sports and Entertainment Services, Inc., was lawfully terminated according to its terms based on Plaintiffs' breach of their obligations thereunder. Subsequent actions by Defendant ARAMARK Sports and Entertainment Services, Inc., or its predecessor to fulfill obligations owed to New Orleans Public Facility Management, Inc., a third party, by Plaintiffs and Defendant ARAMARK Sports and Entertainment Services, Inc., or its predecessor were lawful and consented to by that third party.

### Eighth Affirmative Defense

Defendant Neubauer, although an employee of an ARAMARK affiliate, is not employed by Defendant ARAMARK Sports and Entertainment Services, Inc., and was not employed by any

predecessor of that company. Defendant Neubauer does not participate in the day-to-day operations of Defendant ARAMARK Sports and Entertainment Services, Inc., and did not do so with respect to any predecessor of that company. Defendant Neubauer had no involvement with any of the matters alleged in the First Amended Complaint, either as an individual or an employee of an ARAMARK affiliate. Defendant Neubauer denies that this Court has personal jurisdiction over him, or that he is personally liable to Plaintiffs with respect to any alleged contractual obligation claimed to be owed to Plaintiffs.

### Ninth Affirmative Defense

In response to the specifically enumerated paragraphs of the First Amended Complaint, Defendants respond as follows:

### I.

Although Plaintiffs have named as a defendant "Aramark, Inc., formerly known as ARA Leisure Services, Inc.," the corporate party served with the Summons and First Amended Complaint is ARAMARK Sports and Entertainment Services, Inc. That same party is designated in the caption to this matter as "ARAMARK Sports and Entertainment Services, Inc." In further response, Defendants state that ARAMARK Sports and Entertainment Services, Inc., is the successor to ARA Leisure Services, Inc , and is a Delaware corporation with its principal place of business in the State of Pennsylvania  Defendants admit the allegations set forth in paragraph I of the First Amended Complaint that relate to Defendant Neubauer. In further response, Defendants deny that any ARAMARK entity or employee, including Defendant Neubauer, are liable to Plaintiffs.

**II.**

Defendants admit the allegations set forth in paragraph II of the First Amended Complaint.

**III.**

Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph III of the First Amended Complaint and therefore deny the same.

**IV.**

Defendants admit that an agreement was executed on December 13, 1983 by ARA Leisure Services, Inc., and Plaintiff Exquisito Services, Inc. Defendants further state that the Joint Venture/Partnership Agreement referred to in paragraph IV of the First Amended Complaint and attached to such pleading as Exhibit "1" is the best evidence of its terms and conditions.

**V.**

Defendants deny as stated the allegations set forth in paragraph V of the First Amended Complaint.

**VI.**

Defendants admit that a Food/Beverage Concession Contract was executed on December 13, 1983 by New Orleans Public Facility Management, Inc., on the one hand, and ARA Leisure Services, Inc., and Plaintiff Exquisito Services, Inc., on the other. Defendants further state that the Food/Beverage Concession Contract referred to in paragraph VI of the First Amended Complaint and attached to such pleading as Exhibit "2," along with certain schedules listed in the contract but not attached to the pleading, is the best evidence of its terms and conditions.

## VII.

Defendants deny as stated the allegations set forth in paragraph VII of the First Amended Complaint. Defendants aver that on March 14, 1989, ARA Leisure Services, Inc., declared Plaintiffs to be in default of the Joint Venture/Partnership Agreement; that Plaintiffs failed timely to cure such default; and that as of May 23, 1989, ARA Leisure Services, Inc., informed New Orleans Public Facility Management, Inc. of the termination of the joint venture and requested assignment of the Food/Beverage Concession Contract from the joint venture to ARA Leisure Services, Inc. Defendants further aver that Plaintiffs were aware of these facts no later than July 5, 1989.

## VIII.

Defendants admit the allegations set forth in paragraph VIII of the First Amended Complaint. Defendants aver that the agreement referred to in paragraph VIII of the First Amended Complaint was executed contemporaneously with a consent by New Orleans Public Facility Management, Inc. to the assignment of the previously referenced Food/Beverage Concession Contract to ARA Leisure Services, Inc., effective as of June 1, 1989.

## IX.

Defendants deny as stated the allegations set forth in paragraph IX of the First Amended Complaint.

## X.

Defendants deny as stated the allegations set forth in paragraph X of the First Amended Complaint.

## XI.

Defendants deny as stated the allegations set forth in paragraph XI of the First Amended Complaint.

## XII.

Defendants deny as stated the allegations set forth in paragraph XII of the First Amended Complaint.

## XIII.

Defendants deny as stated the allegations set forth in paragraph XIII of the First Amended Complaint.

**Prayer for Relief**

WHEREFORE, defendants ARAMARK Sports and Entertainment Services, Inc., and Joseph Neubauer pray that this Court render judgment in their favor and against plaintiffs Exquisito Services, Inc., and William Dickerson, dismissing the First Amended Complaint with prejudice; awarding to defendants ARAMARK Sports and Entertainment Services, Inc., and Joseph Neubauer their

attorney's fees and costs; and granting to defendants ARAMARK Sports and Entertainment Services, Inc., and Joseph Neubauer such other relief as the Court deems appropriate.

Respectfully submitted,

E. FREDRICK PREIS, JR. (10704)
CRAIG L. CAESAR, T.A. (19235)
MCGLINCHEY STAFFORD, a P.L.L.C.
643 MAGAZINE STREET
NEW ORLEANS, LA 70130
TELEPHONE: (504) 586-1200
FACSIMILE: (504) 596-2800

ATTORNEYS FOR ARAMARK SPORTS
AND ENTERTAINMENT SERVICES, INC.
AND JOSEPH NEUBAUER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 12th day of July, 2001.

Craig L. Caesar

176622.1