UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 AUG 29  PM 1:48
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| EQUISITO SERVICES, INC., and WILLIAM DICKERSON | CIVIL ACTION |
| | NO. 00-0049 |
| VERSUS | |
| | SECT. S MAG. 5 |
| ARAMARK, INC., FORMERLY KNOWN AS A.R.A., INC.; and JOSEPH NEUBAUER | |

## MOTION TO AMEND COMPLAINT TO ADD ADDITIONAL PARTY

NOW COME, plaintiffs, Equisito Services, Inc. and William Dickerson through undersigned counsel and upon suggesting to the Court that plaintiffs, move the court to allow them to amend their complaint to add an additional defendant. Plaintiffs show that according to the cutoff dates contained in the Preliminary Conference on July 24, 2001, the parties were given 30 days from that date to amend their pleading.

Counsel for plaintiffs has conferred with opposing counsel who has advised her that his clients will not agree to the amendment.

WHEREFORE, plaintiffs move the court to allow their complaint to be amended to add the additional defendant in this matter.

Respectfully Submitted:

Linda Ritzie, (#20342)
3408 Beltline Drive
Mobile, ALA 36617
(334) 452-3512

___Fee_____
___Process___
_X_ Dktd_____
_✓_ CtRmDep___
    Doc.No._____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUISITO SERVICES, INC., | * | CIVIL ACTION |
| and WILLIAM DICKERSON | * | |
| | * | NO. 00-0049 |
| VERSUS | * | |
| | * | SECT.S MAG. 5 |
| ARAMARK, INC., FORMERLY | * | |
| KNOWN AS A.R.A., INC.; and | * | |
| JOSEPH NEUBAUER | * | |
| * * * * * * * * * * * * * * * * * * | | |

### CERTIFICATION OF COUNSEL

I HEREBY CERTIFY, that in connection with the above and foregoing Motion to Amend to Add Additional Defendant, I did confer with Mr. Craig Caesar, counsel for the defendants, and has been informed by Mr. Caesar that his clients will not consent to the amendment to include the City of New Orleans because if will destroy the jurisdiction of this Court.

Mobile, Alabama this 22nd day of August 2001.

_____
Linda Ritzie

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUISITO SERVICES, INC., | * | CIVIL ACTION |
| and WILLIAM DICKERSON | * | |
| | * | NO. 00-0049 |
| VERSUS | * | |
| | * | SECT.S MAG. 5 |
| ARAMARK, INC., FORMERLY | * | |
| KNOWN AS A.R.A., INC.; and | * | |
| JOSEPH NEUBAUER | * | |
| * * * * * * * * * * * * * * * * * | | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that at copy of the above and foregoing Motion to Amend to Add Additional Defendant has been served on Mr. Craig Caesar, 643 Magazine St., New Orleans, La 70130, via U. S. Mail, postage prepaid and properly addressed.

Mobile, Alabama this 22nd day of August 2001.

Linda Ritzie

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EQUISITO SERVICES, INC.,** | * | **CIVIL ACTION** |
| **and WILLIAM DICKERSON** | * | |
| | * | **NO. 00-0040** |
| **VERSUS** | * | |
| | * | **SECT.S MAG. 5** |
| **ARAMARK, INC., FORMERLY** | * | |
| **KNOWN AS A.R.A., INC.; and** | * | |
| **JOSEPH NEUBAUER** | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD ADDITIONAL PARTY

**MAY IT PLEASE THE COURT:**

This memorandum is respectfully submitted in support of the motion to amend plaintiffs' complaint to add an additional party.

### LAW AND ARGUMENT

**FACTS AND PROCEEDINGS:**

On October 10, 1999, this case commenced in state district court, Parish of Orleans, based upon an alleged breach of contract. Plaintiffs allege that on or about December 13, 1983, the parties formed a joint venture for the purpose of providing the food, beverage, catering and related concession services at the New Orleans Convention Center ("the Center") in accordance with the Request for Proposal issued by the New Orleans Exhibition Hall Authority.

In order to obtain the contract, the City of New Orleans required that a certain amount of the contracts were set-aside for minority participation. The plaintiffs satisfied this requirement, thereby facilitating the defendants in qualifying for the contract.

.        On January 6, 2000, the defendants filed a Joint Notice of Removal in the federal district court, claiming jurisdiction based on complete diversity and jurisdictional amount. (See Para. III (E) of defendants' Joint Notice of Removal

In this case, the plaintiffs commenced and action for breach of contract in state district court. The defendants filed Notice of Removal to federal court pursuant to 28 U.S.C. Section 1446(b). Defendants allege that there is complete diversity and jurisdictional amount pursuant to 28 U.S.C. Section 1441, therefore the claims may be subject to federal subject matter jurisdiction. At the same time the defendants state the plaintiffs' petition failed to state a monetary demand, therefore they simply concluded that the amount of each plaintiff's claim placed an amount in controversy which exceeds the sum of $75,000, excluding interest. Following service of the summon and complaint on the original defendants, answer was filed.

The plaintiffs' amendment alleges that from the commencement of the contract until about October 13, 1989, the parties provided the food, beverage, catering and related concession services at the New Orleans Convention as provided under the joint venture agreement.

On or about, October 13, 1989, defendant, ARA Leisure Services, Inc., entered into an agreement with the New Orleans Public Facility Management, Inc., ("NOPFMI") a quasi-public, non-profit corporation organized under the State of Louisiana for the food, beverage, catering and related concession services at the New Orleans Convention. The defendant maintained in the contract with NOPFMI that it was the successor in interest of the Joint Venture/Partnership Agreement as a result of thee termination of Exquisito

2

Services, Inc., A serious conflict on interest existed which all parties to the new agreement were aware of, which will be demonstrated.

A Preliminary Conference was held on July 24, 2001, and the Court issued an order that all amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than 30 days from the date of the Preliminary Conference.

**MOTION TO AMEND PLEADING**:

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Although Rule 15 "evinces a bias in favor of granting leave to amend," Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981). The decision to grant leave is within the discretion of the trial court. ] Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995). Its discretion, however, is not broad enough to permit denial if the court lacks a substantial reason to do so. Id.

In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962); Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993). Joinder of the City of New Orleans would be appropriate in the present case because the underlying issue in this action is a dispute between all parties to the original contract, which included the New Orleans Convention Center.

**SUBJECT MATTER JURISDICTION:**

The first issue on a case removed to federal court is whether the district court would have subject mater jurisdiction over a case properly removed for original jurisdiction is absolutely essential to maintenance of an action if federal court. See <u>Avitt v. Amoco Prod. Co.</u>, 53 F. 3d 690, 693 (5th Cir. 1995) If the court concludes that it lacks subject matter jurisdiction, the court has no choice but to remand the case to state court. 28 U.S.C. § 1447 (c). Moreover, if at any time prior to final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded.

A clear analytical frame work for resolving the amount in controversy for actions removed from Louisiana state court pursuant to § 1332 (a)(1) have been set out in <u>Luckett v. Delta Airlines, Inc.</u>, 171 F. 3d 295, 298 (5th Cir. 1999), which provides in pertinent part that the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The defendant must prove that amount either by demonstrating that the claim in controversy either is likely above $75,000.00 in sum or value, or by setting forth facts. (Quoting <u>Allen v. R & H Oil & Gas Co.</u>, 63 F. 3d 26 (5th Cir. 1995); <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F. 3d 848, 850 (5th Cir. 1999). Although this is a claim for damages resulting from a breach of contract and not personal damages, the plaintiffs did not make a specific demand for the damages each may have suffered. Moreover, the defendant failed to demonstrate that that the damages to each plaintiff would exceed $75,000.00 or set forth any facts to support this allegation.

Thus, if the court lacked subject matter jurisdiction, any action would be deem null and void. To avoid the possibility of an appeal and additional delays, it would be in

4

the best interest of justice and all concerned to allow the complaint to be amended so that the plaintiff may make a complete record with all parties that are properly joined.

Ultimately, even if the initially removed case is restored when the complaint is amended to substantially alter the character of the action and constitute essentially a new lawsuit that destroys the alleged diversity, the court has no choice but to allow the amendment and remand the case to state court if the alleged diversity is destroyed.

**CONCLUSION:**

In conclusion, the plaintiffs should be allowed to amend their complaint to add the additional defendant, which would in no way present undue prejudice to the defendants by virtue of allowance of the amendment, nor is the amendment futile and made in bad faith.

Respectfully submitted:

Linda Ritzie, (#20342)
3408 North Beltline Dr.
Mobile, Alabama 36617
(334) 452-3512

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EQUISITO SERVICES, INC.,** | * | **CIVIL ACTION** |
| **and WILLIAM DICKERSON** | * | |
| | * | **NO. 00-0040** |
| **VERSUS** | * | |
| | * | **SECT.S MAG. 5** |
| **ARAMARK, INC., FORMERLY** | * | |
| **KNOWN AS A.R.A., INC.; and** | * | |
| **JOSEPH NEUBAUER** | * | |
| * * * * * * * * * * * * * * * * * * | | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY,** that at copy of the above and foregoing Motion for Reconsideration has been served on Mr. Craig Caesar, 643 Magazine St., New Orleans, La 70130, via U. S. Mail, postage prepaid and properly addressed.

Mobile, Alabama this 29th day of August 2001.

_____
Linda Ritzie

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUISITO SERVICES, INC., | * | CIVIL ACTION |
| and WILLIAM DICKERSON | * | |
| | * | NO. 00-0049 |
| VERSUS | * | |
| | * | SECT.S MAG. 5 |
| ARAMARK, INC., FORMERLY | * | |
| KNOWN AS A.R.A., INC.; and | * | |
| JOSEPH NEUBAUER | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the plaintiffs have filed an Motion to Amend to Add Additional Defendant it the above matter, and that said motion will come on for hearing on the 3rd day of October, before the Honorable Magistrate Judge Alma Chasez, at 11:00 o'clock a.m.

Mobile, Alabama this 22nd day of August 2001.

_____
Linda Ritzie

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC., and WILLIAM DICKERSON | * * * | CIVIL ACTION |
| VERSUS | * * * | NO. 00-0049 |
| ARAMARK, INC., FORMERLY KNOWN AS ARA LEISURE SERVICES, INC.; and JOSEPH NEUBAUER | * * * * | SECT. S MAG. 5 |

* * * * * * * * * * * * * * * * * * *

## SECOND AMENDED COMPLAINT

The Second Complaint of plaintiffs, Exquisito Services, Inc., and William Dickerson, to add an addition defendant, through undersign counsel and represent as follows

**I.**

Made defendants herein are:

(1) Aramark, Inc., formerly known as ARA Leisure Services., Inc, a foreign corporation, incorporated in the State of Delaware with its principal place of business in the State of Pennsylvania, authorized to and doing business in the state of Louisiana;

(2) Joseph Neubauer, an individual who is a citizen and resident of the State of Pennsylvania; and

(3) New Orleans Convention Center, New Orleans, Louisiana., a quasi political subdivision of the State of Louisiana.

**II.**

This Court gained jurisdiction pursuant to a removal action by defendants allegedly by virtue of the provisions of 28 U.S.C. § 1332 based on complete diversity and the amount in controversy which exceeds $75,000.00, exclusive of interest and costs.

### III.

At the time of the filing of the contract, Exquisito Services, Inc., was in a Louisiana Corporation in good standing, and Mr. Dickerson, is a citizen and resident of the State of Louisiana.

### IV.

On or about December 13, 1983, the parties formed a joint venture for the purpose of providing the food, beverage, catering and related concession services at the New Orleans Convention Center ("the Center") in accordance with the Request for Proposal issued by the New Orleans Exhibition Hall Authority. A copy of the Joint Venture/Partnership Agreement is attached hereto and made a part hereof as Exhibit "1."

### V.

In order to obtain the contract, the City of New Orleans required that a certain amount of the contracts were set-aside for minority participation. The plaintiffs satisfied this requirement, thereby facilitating the defendants in qualifying for the contract.

### VI.

The term of the specified by the Food Service Concession Contract was for a period of ten (10) years, commencing from December 13, 1983. A copy of the Food Service Concession Contract is attached hereto and made a part hereof as Exhibit "2."

### V.

From the commencement of the contract until about October 13, 1989, the parties provided the food, beverage, catering and related concession services at the New Orleans Convention as provided under the joint venture agreement.

### VI.

On or about, October 13, 1989, defendant ARA Leisure Services, Inc., entered into an agreement with the New Orleans Public Facility Management, Inc., ("NOPFMI") a quasi-public, non-profit corporation organized under the State of Louisiana for the food, beverage, catering and related concession services at the New Orleans Convention. The defendant maintained in the contract with NOPFMI that it was the successor in interest of the Joint Venture/Partnership Agreement as a result of thee termination of Exquisito Services, Inc.

### VII.

Plaintiffs maintain that the contract was terminated unilaterally and without cause. The parties had provided food and beverage concession services and related services at the Center pursuant to the joint venture agreement since 1983, and suddenly and without notice plaintiff was ejected from the Center.

### VIII.

Plaintiffs maintain that the New Orleans Convention Center was aware of the public bid law, and the fact the original contract was pursuant to a public bid which required minority participation. Nonetheless, it accepted the new contract dated October 13, 1989, between ARA Leisure Services, Inc., and New Orleans Public Facility Management, Inc., ("NOPFMI") without regards to the original agreement that was still in effect.

### IX.

Plaintiffs aver upon information and belief, that the New Orleans Convention Center had a legal obligation to question the new agreement or the very least to verify the allegations regarding the termination of the contract and whether the contract should have been let for public bid again.

### X.

Plaintiffs show that as a result of the wrongful termination and breach of contract, the plaintiffs have suffered a loss of anticipated profit contemplated by the contract as well of lost business opportunity with the expansion of the Center and were nearly put out of the food service business.

### XI.

Plaintiffs aver that the defendants acted in bad in terminating the joint venture agreement, that without the participation of the plaintiff, the defendant would no have qualified for the contract. Moreover, plaintiff did not violate any of the provisions of the agreement that would have justified the termination of the contract.

## XII.

As a direct and proximate result of ARA Leisure Services. Inc.'s improper termination and breach of contract, and the New Orleans Convention Center honoring the new agreement, Plaintiffs, Exquisito Services, Inc., and William Dickerson are entitled to be compensated in the following amounts:

| | |
|---|---|
| Loss anticipated profit | $ Unknown |
| Loss business opportunity | $ Unknown |
| Bad faith dealing | $ Unknown |

## XIII.

Prior to the improper termination of the joint venture agreement, there were at least four (4) years under the original agreement. Moreover, the defendants continued to and is still providing food and beverage concession services and related services at the Center under the original contract with the City of New Orleans entered into pursuant to the 1983 joint venture agreement.

**WHEREFORE**, plaintiffs , Exquisito Services, Inc., and William Dickerson, pray that the defendants, Aramark, Inc., formerly known as ARA Leisure Services., Inc., Joseph Neubauer and the New Orleans Convention Center be cited and required to answer this Second Amended Complaint, and that after due proceeding had, there be judgment entered against the defendants, and in favor of Exquisito Services, Inc., and William Dickerson in the amount to be determined following discovery, together with legal interest and all costs of these proceedings, plus all other legal and equitable relief that this Court deems is necessary and appropriate..

Respectfully Submitted:

_____
Linda Ritzie, (#20342)
3408 North Beltline Dr.
Mobile, Alabama 36617
(334) 452-3512

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUISITO SERVICES, INC., <br> and WILLIAM DICKERSON | * <br> * <br> * | CIVIL ACTION <br><br> NO. 00-0049 |
| VERSUS | * <br> * | <br> SECT.S MAG. 5 |
| ARAMARK, INC., FORMERLY <br> KNOWN AS A.R.A., INC.; and <br> JOSEPH NEUBAUER | * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that at copy of the above and foregoing Second Amended Complaint has been served on Mr. Craig Caesar, 643 Magazine St., New Orleans, La 70130, via U. S. Mail, postage prepaid and properly addressed.

Mobile, Alabama, this _22nd_ day of August, 2001.

_____
Linda Ritzie

5