FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB 19 PM 4:22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EXQUISITO SERVICES, INC. AND WILLIAM DICKERSON<br>    Plaintiffs | CIVIL ACTION<br>NO. 00-0049 |
| VERSUS | SECTION "S" |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER,<br>    Defendants | MAG. DIV. 5 |

\* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION TO STRIKE PLAINITFFS' EXPERT WITNESS,
AND OTHER FACT WITNESSES AND EXHIBITS,
AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION**

NOW INTO COURT, through undersigned counsel, comes defendant ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK") and Joseph Neubauer ("Neubauer") (collectively, "defendants"), and respectfully request that this Court issue an Order, pursuant to Fed R. Civ. P. 16(f) and 37(b)(2), precluding Plaintiffs, William Dickerson ("Dickerson") and Exquisito Services, Inc. ("Exquisito") (collectively "Plaintiffs"), from presenting the testimony of any expert witness, including Dr. Thompson, during the trial of this action due to Plaintiffs' failure to timely designate an expert, and failure to submit a written expert report, as more fully set forth below.

Additionally, defendants respectfully request that this Court issue an Order precluding the presentation of testimony of and striking two fact witnesses from Plaintiffs' Witness List (1) Joseph Neubauer, on the basis that any testimony from him would be lacking in probative value; and (2) a witness identified as "Al," on the basis that Plaintiffs' have failed to identify this witness with any degree of certainty. Finally, defendants request that this Court issue an Order precluding Plaintiffs' from presenting at trial two exhibits listed on Plaintiffs' Exhibit List, on the basis that such exhibits lack any probative value, all as more fully set forth below.

**1.    Motion to Strike Plaintiffs' Expert Witness.**

Plaintiffs have not timely identified an expert witness or submitted a written expert report. Therefore this Court should not allow Plaintiffs to name any expert witness in their witness lists and pretrial order, or allow Plaintiffs to present any expert testimony at trial of this matter.

On July 26, 2001, this Court entered its Scheduling Order. The Scheduling Order required Plaintiffs' designation of expert witnesses no later than October 27, 2001. The Scheduling Order provides, in pertinent part:

> Written reports of experts, including treating physicians, who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefore shall be obtained and delivered to counsel for Defendants as soon as possible, *but in no even later than 90 days prior to Final Pretrial Conference Date.* (emphasis added)

The July 26, 2001, Scheduling Order set the date for the Final Pretrial Conference on January 25, 2002, which was 90 days after October 27, 2001. Plaintiffs identified no expert witness by October 27, 2001, nor did they submit a written expert report to counsel for defendants by that

date. Plaintiffs also did not file a Motion seeking leave to designate any expert after the October 27, 2001, deadline, or to submit an expert report after the October 27, 2001, deadline.

Although defendant ARAMARK filed an Unopposed Motion and Incorporated Memorandum For Extension of Certain Pretrial Deadlines on November 21, 2001, this Motion did not request an extension of Plaintiffs' expert witness deadline, as that deadline had already passed. Rather, ARAMARK's November 21, 2001 Motion requested that defendants' written report of experts deadline and the filing of Plaintiffs' and defendants' Witness and Exhibit Lists be extended to January 4, and that the discovery deadline be extended to January 16. This Motion was granted on November 26, 2001.

On January 4, 2002, Plaintiffs submitted Plaintiffs' Witness List, which designates in item number 15, "Dr. Thompson -- Expert witness, economist." Defendants, ARAMARK and Neubauer, respectfully request this Court to strike Dr. Thompson -- whomever he may be -- from Plaintiffs' Witness List, and to preclude Plaintiffs from presenting the testimony of any expert witness, because Plaintiffs failed to identify in any way Dr. Thompson, or any other expert, and submit an expert report by October 27, 2001. Plaintiffs have still not submitted a written expert report for or by Dr. Thompson.

Moreover, ARAMARK did not name an expert witness or submit reports by defendants' revised expert cutoff date, January 4, 2002, in reliance on the fact that Plaintiffs had also not designated an expert.

In accordance with Federal Rule of Civil Procedure 16(f), the Scheduling Order provides that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits,

3

without an order to do so issued on motion for good cause shown." The Scheduling Order further provides in accordance with Federal Rule of Civil Procedure 16(b), that "[d]eadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon *timely* motion filed in compliance with the Plan and Local Rules and upon a showing of *good cause*." (emphasis added.)

Thus, Plaintiffs bear the burden of demonstrating "that there is some 'good cause' why the [C]ourt should not adhere to the dates specified in the scheduling order." *Forstmann v. Culp*, 114 F.R.D. 83, 95 (M.D. N.C. 1978). The "good cause" requirement for disturbing deadlines established by a scheduling order "contemplates an affirmative showing on the part of the moving party, demonstrating that the moving party would have been unable to meet a scheduling deadline despite due diligence." *Amcast Indus. Corp. v. Dextrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990).

ARAMARK and Neubauer submit that no "good cause" exists for Plaintiffs' disregard of the expert witness cutoff dates, and further submits that any motion filed by Plaintiffs at this time, over 90 days after the expert cutoff date of October 27, 2001, is not timely, also as required by the Scheduling Order.

Furthermore, defendants would be clearly prejudiced if this Court refuses to strike Plaintiffs' expert witness, in view of the fact that defendants did not themselves designate an expert witness, a decision based solely on the fact that Plaintiffs had failed to timely designate any expert witness.

**2. Motion to Strike Plaintiffs' Witness List, Entry No. 2, "Joseph Neubauer."**

Defendants seek an Order striking from Plaintiffs' Witness List, the May Call Witness No. 2, "Joseph Neubauer," on the basis that Joseph Neubauer has no knowledge of the events relating to the present litigation, and therefore his testimony would be irrelevant and lack any probative value. As more fully set forth in Defendants' Memorandum in Support of Motion for Summary Judgment, filed this same day, Plaintiffs have not alleged, and will be unable to prove, that Joseph Neubauer was involved in any manner in the negotiation of the Joint Venture/Partnership Agreement (the "Agreement"), or in its disputed termination. In view of Joseph Neubauer's lack of involvement in the events giving rise to the present contract dispute, he lacks any first-hand personal knowledge of the facts of this litigation, and his testimony would be either inadmissible hearsay or irrelevant. Accordingly, this witness, Joseph Neubauer, should be stricken from Plaintiffs' may call Witness List, pursuant to Federal Rules of Evidence 402 and 403, and his testimony should not be allowed at trial.

**3. Motion to Strike Plaintiffs' Witness List, Entry No. 6, "Al."**

Defendants seek an Order striking from Plaintiffs' Witness List, the May Call Witness No 6, who is identified solely as "Al." This Court's Scheduling Order, dated July 26, 2001, requires that the parties, "file in the record and serve upon their opponents a list of all witnesses who may be called . . . to testify at trial." Clearly, listing a witness on the witness list requires the identification of the each witness, by at least a first and last name   Defendants respectfully submit that including a witness identified only as "Al" on Plaintiffs' Witness List does not comply with the Court's Scheduling Order and moreover gives no indication of who this witness

5

is. Accordingly, this witness should be stricken from Plaintiffs' may call Witness List, and his testimony should not be allowed at trial

**4.    Motion to Strike Plaintiffs' Exhibit List, Entry No. 4.**

Defendants move to exclude the exhibit listed on Plaintiffs' Exhibit List as Entry No. 4, "Copy of a hold harmless letter from Aramark to NOPSI," on the basis that such letter is totally irrelevant to Plaintiffs' contract claim and will not constitute probative evidence of the merits of this case. It is clear from the scant description of this exhibit that it bears no relevance to Plaintiffs' contract claim against ARAMARK. Defendants request that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of the fact that "NOPSI" is commonly understood in the New Orleans area to mean "New Orleans Public Service, Inc., "an entity that is no longer in existence. NOPSI is nowhere mentioned in Plaintiffs' original petition filed in state court, nor in the First Amended Complaint, filed in this Court. Therefore, any matter discussed in a letter from ARAMARK to NOPSI would not have "any tendency to make the existence of any fact that is of consequence . . more probable" or not. F.R.E. 401. Defendants seek to exclude this "Copy of a hold harmless letter from Aramark to NOPSI" as irrelevant. Accordingly, this exhibit should be stricken from use at trial, pursuant to Federal Rules of Evidence 402 and 403, for lack of any probative value.

**5.    Motion to Strike Plaintiffs' Exhibit List, Entry No. 7.**

Defendants move to exclude the exhibit listed on Plaintiffs' Exhibit List as Entry No. 7, "A copy of the New Orleans Codes in effect in 1983," on the basis that such evidence is irrelevant  Plaintiffs, in their First Amended Complaint filed in this Court, alleged:

> In order to obtain the contract, the City of New Orleans required
> that a certain amount of the contracts were set-aside for minority

> participation. The plaintiffs satisfied this requirement, thereby facilitating the defendants in qualifying for the contract.

First Amended Complaint, Paragraph V.; *see also* Paragraph 3. of the original Petition filed in state court. Presumably Plaintiffs wish to introduce "A copy of the New Orleans Codes in effect in 1983," to support the allegation, recited above, contained in Paragraph V of the First Amended Complaint. Nevertheless, such allegation is totally irrelevant to the present breach of contract claim. Although defendants deny that they breached any legal duty to Plaintiffs, a claim arising out of an alleged breach of any such legal duty would sound in tort, and such claim would have prescribed long before Plaintiffs filed the present breach of contract suit. Therefore, any ordinance in effect in 1983 is irrelevant to the determination of whether, pursuant to the terms of the Joint Venture Agreement, ARAMARK validly terminated Exquisito's interest in the Joint Venture, based on Exquisito's breach of that agreement. Evidence of the Ordinances in effect in 1983 will not constitute probative evidence of whether ARAMARK effectively terminated Exquisito's interest in the Joint Venture in 1989. Furthermore, any ordinance in effect at the time the 1983 contract was formed is irrelevant to determining whether such ordinance was in effect in 1989 - the year the events occurred giving rise to the present dispute. Accordingly, this exhibit should be stricken, pursuant to Federal Rules of Evidence 402 and 403, as lacking any probative value

## CONCLUSION

In view of the clear time lines established by the July 26, 2001, Scheduling Order, and in view of the fact that Plaintiffs never filed a motion with this Court seeking permission to identify expert witnesses or submit written reports of experts after the cutoff dates, defendants ARAMARK and Neubauer respectfully request that this Court strike Plaintiffs' expert witness,

Dr. Thompson, from Plaintiffs' Witness List, and further urges this Court to enforce the sanction set forth in Fed. Rule Civ. P. 16(f), and preclude Plaintiffs from offering any expert's testimony at trial.

Alternatively, and in the event this Court does not grant Defendants' Motion to Strike Plaintiffs' Expert Witness, in order to avoid substantial prejudice and injustice to defendants, defendants request that it be allowed to identify an expert and submit written reports after the deadline, which for defendants was set for January 4, 2002.

Finally, and for the reasons set forth above, defendants, ARAMARK and Neubauer, respectfully request this Honorable Court to enter an Order striking from Plaintiffs' Witness List, "Joseph Neubauer" and "Al," and an Order excluding any reference to the exhibits identified in Plaintiffs' Exhibit List as "Copy of a hold harmless letter from Aramark to NOPSI," and "A copy of the New Orleans Codes in effect in 1983."

Respectfully submitted,

*[signature]*

E. FREDRICK PREIS, JR. (10704)
CRAIG L. CAESAR, T.A. (19235)
McGLINCHEY STAFFORD
Professional Limited Liability Company
643 Magazine Street
New Orleans, LA 70130
Telephone (504) 586-1200
Fax (504) 596-2800

**ATTORNEYS FOR ARAMARK SPORTS
AND ENTERTAINMENT SERVICES, INC.
AND JOSEPH NEUBAUER**

311534.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 19th day of February, 2002

Craig L. Caesar

311534 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EXQUISITO SERVICES, INC. AND WILLIAM DICKERSON  Plaintiffs | CIVIL ACTION NO. 00-0049 |
| VERSUS | SECTION "S" |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER, Defendants | MAG. DIV. 5 |

\* \* \* \* \* \* \* \*

### ORDER

UPON CONSIDERATION of the foregoing Motion to Strike Plaintiffs' Expert Witness and Other Fact Witnesses and Exhibits filed by defendants, ARAMARK Sports and Entertainment Services, Inc. and Joseph Neubauer,

IT IS HEREBY ORDERED, that defendants' Motion to Strike Plaintiffs' Expert Witness and Other Fact Witnesses and Exhibits be and the same is hereby GRANTED

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
**JUDGE**

316213 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. <br> AND WILLIAM DICKERSON <br>     Plaintiffs | * <br> <br> * | CIVIL ACTION <br> NO. 00-0049 |
| VERSUS | * | SECTION "S" |
| ARAMARK SPORTS AND <br> ENTERTAINMENT SERVICES, INC. <br> AND JOSEPH NEUBAUER, <br>     Defendants | * <br> <br> * <br> | <br> <br> <br> MAG. DIV. 5 |

\*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF HEARING

TO:   Exquisito Services, Inc. and
William Dickerson
through their attorney of record,
Linda Ritzie, Esq.
3408 North Beltline Drive
Mobile, Alabama 36617

PLEASE TAKE NOTICE that defendants, ARAMARK Sports and Entertainment Services, Inc. and Joseph Neubauer, will bring on for hearing the attached Motion to Strike Plaintiffs' Expert Witness and Other Fact Witnesses and Exhibits, before the Honorable Mary Ann Lemmon Vial, Judge, United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, on the 6th day of March, 2002 at 10:00 a.m., or as soon thereafter as counsel for mover may be heard.

Respectfully submitted,

*[signature]*

**E. FREDRICK PREIS, JR. (10704)**
**CRAIG L. CAESAR, T.A. (19235)**
McGLINCHEY STAFFORD
Professional Limited Liability Company
643 Magazine Street
New Orleans, LA 70130
Telephone (504) 586-1200
Fax (504) 596-2800

**ATTORNEYS FOR ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 19th day of February, 2002

*[signature]*
Craig L. Caesar

316213 1

2