

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. AND WILLIAM DICKERSON     Plaintiffs | * * | CIVIL ACTION NO. 00-0049 |
| VERSUS | * | SECTION "S" |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER,     Defendants | * * | MAG. DIV. 5 |

\* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION TO STRIKE EXHIBITS
FOR PLAINTIFFS' FAILURE TO COMPLY WITH SCHEDULING ORDER,
AND INCORPORATED MEMORANDUM IN SUPPORT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK"), and pursuant to the Court's Scheduling Order of July 26, 2001, as amended November 21, 2001, and January 17, 2002, and the Court's Pre-Trial Notice, and pursuant to Federal Rule of Civil Procedure 16(f), respectfully files this Motion to Strike Exhibits, for Plaintiffs' Failure to Comply with Scheduling Order, and Incorporated Memorandum, seeking an Order of the Court to strike Plaintiffs Exhibits 2 and 3, as listed in the Pre-Trial Order and excluding use of the exhibits at the trial of this matter.

This Court's Pre-Trial Notice requires the parties to have exchanged "copies of documents that will be offered in evidence at the trial" prior to the Pre-Trial Conference. The Pre-Trial Conference in this lawsuit was held on March 26, 2002. The trial is presently set to begin on May 6, 2002.

Plaintiffs have delivered to ARAMARK no copies of exhibits they intend to use at trial. Until recently, ARAMARK was under the impression that all documentary evidence to be offered by both parties consisted of the documents produced by ARAMARK in response to Plaintiffs' discovery requests, or otherwise filed in the record. Nevertheless, when ARAMARK sought to confirm this assumption, and requested Plaintiffs to produce copies of Plaintiff Exhibits as listed in the Pre-Trial Order, Plaintiffs failed to respond to these requests, or to respond at all. Counsel for ARAMARK has telephone counsel for Plaintiffs numerous times in this past week, with no answer. There is no answering machine or voice mail for Plaintiffs counsel's phone number. Additionally, counsel for ARAMARK has sent three written request by facsimile to Plaintiffs, attached hereto as Exhibits "A," "B," and "C."

In particular, by letter dated April 16, 2002, ARAMARK requested copies of all Plaintiffs Exhibits, and specifically requested copies of Plaintiffs Exhibits 2 and 3, as listed in the Pre-Trial Order, and described therein as "Accounting records of the fiscal affairs of the joint venture (1983-1989)," and "Accounting records of the fiscal affairs of New Orleans Public Facility Management, Inc., and ARA Leisure Services, Inc." *See* Exhibit "A," Letter dated April 16, 2002, to Linda Ritzie, and related facsimile confirmation sheet. ARAMARK requested that these exhibits be faxed or mailed overnight. ARAMARK received no response at all to this request.

2

Therefore, on April 17, 2002, counsel for ARAMARK telephoned counsel for Plaintiffs numerous times, again, with no answer, and no manner of leaving voice mail or message. Counsel for ARAMARK therefore faxed another written request to Plaintiffs. *See* Exhibit "B," letter dated April 17, 2002, to Linda Ritzie, and related facsimile confirmation sheet. In that letter, ARAMARK requested that Plaintiffs respond by the afternoon, on April 18. As of the morning of April 19, 2002, ARAMARK had still received no response to its requests to Plaintiffs for the exchange of Plaintiffs Exhibit 2 and 3.

Therefore, on April 19, 2002, counsel for ARAMARK again attempted to contact Plaintiffs counsel by telephone, with no success, and sent a third written request to Plaintiffs reminding them of the obligation to provide copies of all trial exhibits to ARAMARK, and advising Plaintiffs of ARAMARK's intention to seek the Court's intervention. *See* Exhibit "C," letter dated April 19, 2002, to Linda Ritzie, and related facsimile confirmation sheet

This Court's Pre-Trial Notice requires the parties to have exchanged "copies of documents that will be offered in evidence at the trial" prior to the Pre-Trial Conference. Pursuant to the Court's Scheduling Order, "[t]he Court will not permit any witness, expert or fact, to testify or any exhibit to be used unless there has been compliance with this Order as it pertains to the witnesses and/or exhibits . . ." Additionally, Federal Rule of Civil Procedure 16(f) authorizes sanctions for a party's failure to comply with a scheduling order by excluding evidence, including authorizing "any order provided in Rule 37(b)(2)(B), (C), (D)."[1]

---

[1] Federal Rule of Civil Procedure 37(b)(2)(B) authorizes "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Federal Rule of Civil Procedure 37(b)(2)(C) authorizes "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

"Consistent with Rule 16 of the Federal Rules of Civil Procedure and the Civil Justice Reform Act of 1990, trial courts have broad discretion to preserve the integrity and purpose of the pretrial order [scheduling order]." *Neff v. Ford*, 1997 WL 465286, at *2 (E.D. La. 1997) (*quoting Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)), *aff'd.* 163 F.3d 1354 (5th Cir. 1998). "In exercising its discretion, the trial court should consider the following four factors: (1) the explanation, if any, for the party's failure to comply with the scheduling order; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice by continuance; and (4) the importance of the witnesses and exhibits." *Neff*, 1997 WL 465286, at *2 (E.D. La. 1997) (*quoting Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)).

In the instant case, ARAMARK has received no response to any of its requests, no explanation for the delay in production, and has not received actual production of the requested exhibits. The prejudice to ARAMARK will be great, if it is given no opportunity to review these exhibits prior to trial set for May 6, 2002, and prior to the deadline for filing Motions in Limine, which is April 26, 2002. ARAMARK has complied with the exchange of exhibits, having produced all of the documents it will introduce into evidence at trial through its Responses to Plaintiffs' Requests for Production, and having delivered copies of any other exhibit to Plaintiffs counsel. Therefore, Plaintiffs have the benefit of reviewing all of ARAMARK's exhibits prior to trial and prior to the deadline for filing any Motions in Limine. Plaintiffs should not be allowed to introduce Plaintiffs Exhibits 2 and 3 at trial, because they have failed to comply with the Scheduling Order and because of the prejudicial effect to ARAMARK of such "surprise" evidence. The importance of these exhibits cannot be determined at this time, as ARAMARK is

unaware of the contents of these exhibits, and therefore, the possibility of curing such prejudice also cannot be addressed.

## CONCLUSION

For all the foregoing reasons, defendant ARAMARK respectfully moves that this Honorable Court grant its motion and issue an order striking from the Pre-Trial Order, Plaintiffs Exhibits 2 and 3, described as "Accounting records for the fiscal affairs of the joint venture (1983-1989)," and "Accounting records of the fiscal affairs of New Orleans Public Facility Management, Inc., and also excluding the use of these exhibits from the trial of this case.

Respectfully submitted this 22nd day of April, 2002.

**E. FREDRICK PREIS, JR. (10704)**
**CRAIG L. CAESAR, T.A. (19235)**
McGLINCHEY STAFFORD
Professional Limited Liability Company
643 Magazine Street
New Orleans, LA 70130
Telephone (504) 586-1200
Fax (504) 596-2800

**ATTORNEYS FOR ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 22nd day of April, 2002

Craig L. Caesar

328474.1

5

# McGLINCHEY STAFFORD
### LAW OFFICES
#### A PROFESSIONAL LIMITED LIABILITY COMPANY

HOUSTON
BATON ROUGE
JACKSON
CLEVELAND
LAKE PROVIDENCE
MONROE

643 MAGAZINE STREET
NEW ORLEANS, LA 70130-3477
http://www.mcglinchey.com

MAILING ADDRESS:
P.O BOX 60643
NEW ORLEANS, LA 70160-0643

(504) 586-1200
FAX (504) 596-2800
CABLE MACSTAC
DIRECT DIAL

April 16, 2002

(504) 596-2849
alejeune@mcglinchey.com

VIA FACSIMILE (251) 452-3512
Ms. Linda Ritzie
Attorney at Law
3408 North Beltline Drive
Mobile, Alabama 36617

    Re:    *Exquisito Services, Inc., et al. v. ARAMARK Sports, et al.*
            No. 00-0049, Sec. "S" (E.D. La.)
            Our File No. 14806.0056

Dear Ms. Ritzie:

      In connection with the above-referenced matter, please either fax or send by overnight courier to us the documents that you intend to offer into evidence at trial of this matter, specifically, Plaintiffs Exhibits 2 and 3, as listed in the Pre-Trial Order, and described therein as "Accounting records for the fiscal affairs of the joint venture (1983-1989)," and "Accounting records of the fiscal affairs of New Orleans Public Facility Management, Inc., and ARA Leisure Services, Inc." According to the Court's Pre-Trial Notice, the parties were to have exchanged "copies of documents that will be offered in evidence at the trial" prior to the Pre-Trial Conference.

                                      Very truly yours,

                                      Anne D. LeJeune

ADL/myo/327590.1

**EXHIBIT A**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                4097
CONNECTION TEL          514523512p148060056
CONNECTION ID
ST. TIME                04/16 13:47
USAGE T                 01'23
PGS. SENT               2
RESULT                  OK
```

# McGlinchey Stafford,

a Professional Limited Liability Company

643 Magazine Street, New Orleans, LA 70130-3477
P.O. Box 60643, New Orleans, LA 70160-0643

Houston, TX
Baton Rouge, LA
Lake Providence, LA
Jackson, MS
Monroe, LA

(504) 586-1200
FAX (504) 596-2800
TELEX 584327
CABLE MACSTAC

DIRECT DIAL - (504) 596-2849
DIRECT FAX - (504) 596-2816

## MEMORANDUM OF TRANSMITTAL

April 16, 2002

TO: Linda Ritzie, Esq.
Fax Number: (251) 452-3512

FROM: Anne D. LeJeune

RE: Exquisito Services, Inc. et al. v
ARAMARK Sports, et al.
No. 00-0049, Sec. "S" (E.D. La.)
Our File No.: 14806.0056

MESSAGES, NOTES, COMMENTS:

NO. OF PAGES: ____ (Including Cover)

# M<sup>c</sup>GLINCHEY STAFFORD
### LAW OFFICES
### A PROFESSIONAL LIMITED LIABILITY COMPANY

HOUSTON
BATON ROUGE
JACKSON
CLEVELAND
LAKE PROVIDENCE
MONROE

643 MAGAZINE STREET
NEW ORLEANS, LA 70130-3477
http://www.mcglinchey.com

MAILING ADDRESS:
P. O. BOX 60643
NEW ORLEANS, LA 70160-0643

(504) 586-1200
FAX (504) 596-2800
CABLE MACSTAC
DIRECT DIAL·

April 17, 2002

(504) 596-2849
alejeune@mcglinchey.com

<u>VIA FACSIMILE (251) 452-3512</u>
Ms. Linda Ritzie
Attorney at Law
3408 North Beltline Drive
Mobile, Alabama 36617

      Re:    *Exquisito Services, Inc., et al. v. ARAMARK Sports, et al.*
              No. 00-0049, Sec. "S" (E.D. La.)
              Our File No. 14806.0056

Dear Ms. Ritzie:

      We have received no response from you to our request, faxed to you yesterday, for copies of Plaintiffs Exhibits 2 and 3, as listed in the Pre-Trial Order, in the above referenced matter. Although we have tried to reach you by telephone today to discuss this matter, we have been unsuccessful. Please respond to our request.

      If we have not received any response from you by 1:00 p.m. tomorrow, April 18, we will be forced to confer with the Court concerning the production of these Plaintiffs exhibits, and will seek to have these exhibits excluded from evidence, on the basis of non-compliance with the Pre-Trial Notice.

                                             Very truly yours,

                                             Anne D. Le Jeune

ADL/myo/328046.1

**EXHIBIT B**

```
********************
***  TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                4111
CONNECTION TEL          514523512p148060056
CONNECTION ID
ST. TIME                04/17 16:12
USAGE T                 01'18
PGS. SENT               2
RESULT                  OK
```

# McGlinchey Stafford,
a Professional Limited Liability Company

643 Magazine Street, New Orleans, LA 70130-3477
P.O. Box 60643, New Orleans, LA 70160-0643

Houston, TX
Baton Rouge, LA
Lake Providence, LA
Jackson, MS
Monroe, LA

(504) 586-1200
FAX (504) 596-2800
TELEX 584327
CABLE MACSTAC

DIRECT DIAL - (504) 596-2849
DIRECT FAX - (504) 596-2816

## MEMORANDUM OF TRANSMITTAL

April 17, 2002

TO:     Linda Ritzie, Esq.
        Fax Number: (251) 452-3512

FROM:   Anne D. LeJeune

RE:     Exquisito Services, Inc. et al. v
        ARAMARK Sports, et al.
        No. 00-0049, Sec. "S" (E.D. La.)
        Our File No.: 14806.0056

MESSAGES, NOTES, COMMENTS:

NO. OF PAGES: 2 (Including Cover)

# McGLINCHEY STAFFORD
### LAW OFFICES
A PROFESSIONAL LIMITED LIABILITY COMPANY

HOUSTON  
BATON ROUGE  
JACKSON  
CLEVELAND  
LAKE PROVIDENCE  
MONROE  

643 MAGAZINE STREET  
NEW ORLEANS, LA 70130-3477  
http://www.mcglinchey.com  

MAILING ADDRESS:  
P. O. BOX 60643  
NEW ORLEANS, LA 70160-0643  
(504) 586-1200  
FAX (504) 596-2800  
CABLE MACSTAC  
DIRECT DIAL:  

(504) 596-2849  
alejeune@mcglinchey.com  

April 19, 2002

<u>VIA FACSIMILE (251) 452-3512</u>  
Ms. Linda Ritzie  
Attorney at Law  
3408 North Beltline Drive  
Mobile, Alabama 36617

Re: *Exquisito Services, Inc., et al. v. ARAMARK Sports, et al.*  
No. 00-0049, Sec. "S" (E.D. La.)  
Our File No. 14806.0056

Dear Ms. Ritzie:

In connection with the above referenced matter, we have still had no response to our requests for copies of Plaintiffs Exhibits 2 and 3, as listed in the Pre-Trial Order, and described therein as "Accounting records of the fiscal affairs of the joint venture (1983-1989)," and "Accounting records of the fiscal affairs of New Orleans Public Facility Management, Inc., and ARA Leisure Services, Inc." We again remind you of your obligation, pursuant to the Court's Scheduling Order and Pre-Trial Notice, to provide ARAMARK with copies of all plaintiffs trial exhibits.

We have tried numerous time to contact you by telephone in order to resolve this matter, and have been unable to reach you. Additionally, since we have had no response from you to our written requests sent by fax, please be advised that we intend, by motion, to seek the Court's intervention to resolve this matter.

Very truly yours,

Anne D. LeJeune

ADL/myo/328541.1

**EXHIBIT C**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4122
CONNECTION TEL        514523512p148060056
CONNECTION ID
ST. TIME              04/19 13:11
USAGE T               01'24
PGS. SENT             2
RESULT                OK
```

# McGlinchey Stafford,

a Professional Limited Liability Company

643 Magazine Street, New Orleans, LA 70130-3477
P.O. Box 60643, New Orleans, LA 70160-0643

Houston, TX
Baton Rouge, LA
Lake Providence, LA
Jackson, MS
Monroe, LA

(504) 586-1200
FAX (504) 596-2800
TELEX 584327
CABLE MACSTAC

DIRECT DIAL - (504) 596-2849
DIRECT FAX - (504) 596-2816

## MEMORANDUM OF TRANSMITTAL

April 19, 2002

TO: Linda Ritzie, Esq.
Fax Number: (251) 452-3512

FROM: Anne D. LeJeune

RE: Exquisito Services, Inc. et al. v
ARAMARK Sports, et al.
No. 00-0049, Sec. "S" (E.D. La.)
Our File No.: 14806.0056

MESSAGES, NOTES, COMMENTS:

NO. OF PAGES: __2__ (Including Cover)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. | * | |
| AND WILLIAM DICKERSON | | CIVIL ACTION |
| Plaintiffs | * | NO. 00-0049 |
| | | |
| VERSUS | * | SECTION "S" |
| | | |
| ARAMARK SPORTS AND | * | MAG. DIV. 5 |
| ENTERTAINMENT SERVICES, INC. | | |
| AND JOSEPH NEUBAUER, | * | |
| Defendants | | |

\* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of the foregoing Defendant's Motion to Strike Exhibits for Plaintiffs' Failure to Comply with Scheduling Order, filed by defendant, ARAMARK Sports and Entertainment Services, Inc.,

IT IS HEREBY ORDERED, that defendants' Defendant's Motion to Strike Exhibits for Plaintiffs' Failure to Comply with Scheduling Order be and the same is hereby GRANTED, and

IT IS FURTHER ORDERED, that Plaintiffs Exhibits 2 and 3, as listed in the Pre-Trial Order, and described therein as, "Accounting records of the fiscal affairs of the joint venture (1983-1989)," and "Accounting records of the fiscal affairs of New Orleans Public Facility

Management, Inc., and ARA Leisure Services, Inc." be stricken from the Pre-Trial Order, and the use of Plaintiffs Exhibits 2 and 3 be excluded from the trial of this case.

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
**JUDGE, UNITED STATES DISTRICT COURT**

328474.1