FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY -2 PM 4: 41

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. <br> AND WILLIAM DICKERSON <br>     Plaintiffs <br><br> VERSUS <br><br> ARAMARK SPORTS AND <br> ENTERTAINMENT SERVICES, INC. <br> AND JOSEPH NEUBAUER, <br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION <br> NO. 00-0049 <br><br> SECTION "S" <br><br> MAG. DIV. 5 |

\*   \*   \*   \*   \*   \*   \*   \*

### ERNEST N. MORIAL NEW ORLEANS EXHIBITION HALL AUTHORITIES' MOTION TO QUASH PLAINTIFFS' SUBPOENA DUCES TECUM

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, Ernest N. Morial New Orleans Exhibition Hall Authority (the "Authority"), an entity which is not a party to the captioned proceedings, files this motion to quash plaintiffs' subpoena or, alternatively, for protective order. For the reasons set forth in the attached memorandum in support, the Authority respectfully requests that the Court quash the subpoena and accompanying "List of Documents to be Produced" purportedly served on the Authority by the plaintiffs.

The Authority also respectfully calls to the Court's attention the fact that it has not attached to this motion a Rule 37.1 certificate of counsel because the Authority is not a party to this case.

Respectfully submitted,

*/s/ Matthew P. Chenevert*
MATTHEW P. CHENEVERT (Bar No. 4026)
General Counsel
Ernest N. Morial New Orleans Exhibition
  Hall Authority
900 Convention Center Boulevard
New Orleans, LA 70130
Tel:   504-582-3073
Fax:   504-582-3031

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of this pleading to be served upon all parties and counsel of record by depositing same into the U.S. Mail, postage prepaid and properly addressed, this 26th of April, 2002.

*/s/ Matthew P. Chenevert*
MATTHEW P. CHENEVERT

329905.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. | * | |
| AND WILLIAM DICKERSON | * | |
|     Plaintiffs | * | CIVIL ACTION |
| | * | NO. 00-0049 |
| VERSUS | * | |
| | * | SECTION "S" |
| ARAMARK SPORTS AND | * | |
| ENTERTAINMENT SERVICES, INC. | * | MAG. DIV. 5 |
| AND JOSEPH NEUBAUER, | * | |
|     Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

## ORDER

UPON CONSIDERATION of the foregoing Motion To Quash Plaintiffs' Subpoena Duces Tecum, filed by the Ernest N. Morial New Orleans Exhibition Hall Authority (the "Authority"),

IT IS HEREBY ORDERED, that said Motion is GRANTED, and that the subpoena duces tecum served on the Authority is hereby quashed in its entirety, and, therefore, the Authority need not produce the documents sought in Plaintiffs' subpoena duces tecum.

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
JUDGE, UNITED STATES DISTRICT COURT

330209.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EXQUISITO SERVICES, INC. <br> AND WILLIAM DICKERSON <br>     Plaintiffs <br><br> VERSUS <br><br> ARAMARK SPORTS AND <br> ENTERTAINMENT SERVICES, INC. <br> AND JOSEPH NEUBAUER, <br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    CIVIL ACTION <br> NO. 00-0049 <br><br> SECTION "S" <br><br> MAG. DIV. 5 |

\*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF ERNEST N. MORIAL NEW
ORLEANS EXHIBITION HALL AUTHORITIES' MOTION TO QUASH
<u>PLAINTIFFS' SUBPOENA DUCES TECUM</u>**

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, Ernest N. Morial New Orleans Exhibition Hall Authority (the "Authority"), an entity which is not a party to the captioned proceedings, files this memorandum in support of its motion to quash Plaintiffs' Subpoena.

**I.
SUMMARY OF MOTION**

The Court should quash the subpoena and accompanying "List of Documents to be Produced" served on the Authority by the Plaintiffs in this matter, because the subpoena is an improper attempt to avoid discovery deadlines, seeks irrelevant information, and its response

would otherwise impose an undue burden on the Authority. Moreover, the Subpoena fails to permit a reasonable time for compliance, impermissibly requires compliance more than 100 miles away from the Authority's location, and is invalid with respect to the Authority.

## II.
## BACKGROUND

This case arises out the termination of a Joint Venture/Partnership Agreement between Defendants and Plaintiffs. Specifically, Plaintiffs assert a claim for bad faith breach of contract against the Defendants, alleging that the Defendants, unilaterally and without legal cause, canceled the Joint Venture Agreement, thereby depriving Plaintiffs of their share in the profits of the joint venture and entitling Plaintiffs to damages for lost business opportunities and bad faith dealing.

The Authority is not a party to this litigation. Moreover, its services are in no way related to any of the Plaintiffs' allegations as evidenced by the fact that on October 11, 2001, this Court denied Plaintiffs' attempt to make the Authority a defendant in this case. Nevertheless, on April 17, 2002, the Plaintiffs caused to be purportedly served on the "New Orleans Convention Center" a subpoena and an accompanying "List of Documents to be Produced" (hereinafter, collectively referred to as the "Subpoena"). The Subpoena requests that the Authority produce documents as follows:

1. A copy of the original bid package submitted on behalf of the Joint Venture between ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) and Exquisito Services, Inc dated December 13, 1983, for the purpose of providing food, beverage, catering and related concession services at the New Orleans Convention Center ("the Center") in accordance with the Request for Proposal issued by the New Orleans Exhibition Hall Authority.

2. In connection with the Joint Venture between ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) dated December 13, 1983, please provide a copy of all letters, correspondences, memoranda, or other written communication regarding the Joint Venture, Exquisito, and/ ARAMARK.

3.  A copy of any and all renewal and extension of the original contract for food services that was awarded the Joint Venture ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) dated December 13, 1983.

4.  A copy of any and all document concerning the Oct. 13, 1989, agreement entered into between ARA Leisure Services, Inc., with the New Orleans Public Facility Management, Inc. (NOPFMI for the food, beverage, catering and related concession services at the New Orleans Convention.

5.  A copy of any and all Operating Statement(s) relating to or involving the fiscal affairs of the Joint Venture between ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) and Exquisito Services, Inc dated December 13, 1983 and/or October 13, 1989, agreement entered into between ARA Leisure Services, Inc., with the New Orleans Public Facility Management, Inc. submitted by ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) to cover period between fiscal year 1989 and the present.

The Subpoena is the object of this motion, and is attached hereto as Exhibit 1.

### III.
### THE SUBPOENA SHOULD BE QUASHED

Rule 45(c)(3) of the Federal Rules of Civil Procedure provides that a district court may -- and sometimes even must -- quash or modify a subpoena. In instances in which quashing or modifying a subpoena is not mandatory, the district court's decision to quash a subpoena will not be set aside unless found to be an abuse of discretion. Tiberi v. CIGNA Ins. Co., 40 F.3d 110, 112 (5th Cir. 1994). In the instant case, the Court should quash the Subpoena because:

- The Subpoena is an impermissible attempt to avoid this Court's imposed discovery deadlines;

- The Subpoena seeks information irrelevant to the dispute between Plaintiffs and Defendants;

- Responding to the Subpoena would impose an undue burden on the Authority;

- The Subpoena fails to permit a reasonable time for compliance;

- The Subpoena impermissibly requires compliance more than 100 miles away from the Authority's location; and

- The Subpoena is invalid with respect to the Authority.

A. **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS DISCOVERY AFTER THE EXPIRATION OF THE COURT'S DEADLINE FOR THE COMPLETION OF DISCOVERY.**

Subpoenas duces tecum to non-parties are discovery. In re Pabst Licensing GmbH Patent Litigation, 2001 WL 797315, *21 (E.D. La. 2001)(attached)(citing Rice v. U.S., 164 F.R.D. 556, 557 (N.D. Okla. 1995)); Alper v. U.S., 190 F.R.D. 281, 84 (D. Mass. 2000). Thus, they are subject to the same standards and time constraints as other discovery devices. Pabst, 2001 WL 797315, at *21 (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2452 (West 1995)); Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443 (D.Minn.1997). This includes adhering to court-imposed discovery deadlines, and this Court has granted motions to quash subpoenas issued after the expiration of such deadlines. Lindy Investments, L.P. v. Shakertown Corp., 1998 WL 205418 (E.D. La. 1998) (attached) (granting motion to quash subpoena where discovery deadlines had passed); Woodyard v. Provident Life And Accident Ins. Co., 1998 WL 158744, *2 (E.D. La. 1998) (attached) (quashing subpoena for records issued after expiration of discovery deadlines). Other courts addressing this issue have also quashed such untimely subpoenas. See Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 354-5 (6th Cir. 1984)(affirming decision to quash subpoena issued on eve of trial seeking documents available during discovery); Buhrmaster v. Overnite Transp. Co., 61 F.3d 461, 464 (6th Cir. 1995) (affirming decision to quash subpoena of material that could have been produced through normal discovery where plaintiff used subpoena to circumvent discovery deadline); Grant v. Otis Elevator Co., 199 F.R.D. 673, 675 (N.D. Okla. 2001)(concluding that litigants may not use

court's subpoena power to conduct discovery after the discovery deadline); Alper, 190 F.R.D. at 283-84 (ruling that party should be not allowed to employ subpoena after discovery deadline to obtain materials from third parties that could have been produced during discovery); Rice, 164 F.R.D. at 558 (same); Mcnerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995)(same); Leach v. Quality Health Services, 162 F.R.D. 40, 42 (E.D. Pa. 1995) (same).

Applying this jurisprudence to the instant matter, it is clear that the Subpoena should be quashed as an improper attempt to make a last minute end-run around the discovery deadlines set by the Court. Indeed, according to the Court's January 17, 2002, Order, the deadline for discovery in this matter expired on February 19, 2002. Ignoring this deadline, Plaintiffs waited until April 17, 2002 -- just 18 days prior to the scheduled commencement of the trial in this case -- to serve the instant Subpoena. Plaintiffs obviously were aware during the discovery period that the Authority might possess records that Plaintiffs might want produced and actually did request documents through a public records request. In fact, as noted above, Plaintiffs even endeavored, albeit unsuccessfully, to add the Authority as a defendant in this matter. Thus, it cannot be said that the documents now sought by Plaintiffs could not have been requested prior to the expiration of the discovery deadline in this case.[1] Therefore, the Subpoena seeking records from the Authority should be found to be null and void and quashed by the Court in its entirety.

B.  **THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT SEEKS IRRELEVANT INFORMATION.**

A subpoena must seek relevant information, and federal courts, therefore, have the

---

[1]Equally so, it cannot be said that the Subpoena is a trial subpoena as it requests that the Authority provide documents two weeks prior to commencement of the trial in this case.

-5-

authority to quash a subpoena that seeks irrelevant information. See, e.g., Eismann v. Greene, 1998 WL 164821, at *2 (S.D.N.Y. 1998)(attached)(granting non-party's motion to quash subpoena where subpoena requested only information of "doubtful and tangential relevance, at best"); Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1325-28 (Fed. Cir. 1990)(district court's refusal to quash subpoena to non-party was abuse of discretion where subpoena sought irrelevant information); United States v. Komisaruk, 885 F.2d 490, 494-95 (9th Cir. 1988) (affirming district court's quashing of subpoena to non-parties where information sought thereunder was irrelevant).

In the instant case, the Subpoena seeks information entirely irrelevant to this case. This case involves the joint venture between Plaintiffs and Defendants and the propriety of Defendants' termination of that venture. This case has absolutely nothing to do with the Authority, which is not a party to this litigation, or the nature of its relationship with Defendants and/or Plaintiffs -- which is sought to be discovered by way of the instant Subpoena. If the relationship of the Authority to either Plaintiffs or Defendants were relevant to the instant litigation, then this Court would have added the Authority as a Defendant, as the Plaintiffs had previously requested. However, this request was denied, and the only relationship at issue for purposes of Plaintiffs' lawsuit with Defendants is that which existed between them.

Because these requests are entirely irrelevant to this lawsuit, the Court should quash the Subpoena in its entirety.

C.   **THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS UNDULY BURDENSOME.**

Rule 45(c)(3)(A)(iv) directs that a district court "*shall*" quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv) (emphasis added). A

-6-

subpoena that is overly-broad on its face imposes an undue burden. <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44, 53 (S.D.N.Y. 1996) (quashing subpoena to non-party). In the instant case, the Subpoena's irrelevance notwithstanding, the Subpoena subjects the Authority to undue burden because it is tremendously broad in scope.

The Subpoena broadly requests: *(1)* "A copy of the original bid package submitted on behalf of the Joint Venture between ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) and Exquisito Services, Inc dated December 13, 1983, for the purpose of providing food, beverage, catering and related concession services at the New Orleans Convention Center ("the Center") in accordance with the Request for Proposal issued by the New Orleans Exhibition Hall Authority"; *(2)* "In connection with the Joint Venture between ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) dated December 13, 1983, please provide a **copy of all** letters, correspondences, memoranda, or other written communication regarding the Joint Venture, Exquisito, and/ ARAMARK"; *(3)* "**A copy of any and all** renewal and extension of the original contract for food services that was awarded the Joint Venture ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) dated December 13, 1983"; *(4)* "**A copy of any and all** document concerning the Oct. 13, 1989, agreement entered into between ARA Leisure Services, Inc., with the New Orleans Public Facility Management, Inc. (NOPFMI for the food, beverage, catering and related concession services at the New Orleans Convention"; and *(5)* "A copy of any and all Operating Statement(s) relating to or involving the fiscal affairs of the Joint Venture between ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) and Exquisito Services, Inc dated December 13, 1983 and/or October 13, 1989, agreement entered into between ARA Leisure Services, Inc., with the New Orleans Public Facility Management, Inc. submitted by

-7-

ARA Services, Inc., (now known as ARAMARK Sports and Entertainment Services, Inc.) to cover period between fiscal year 1989 and the present." (emphasis added). The Subpoena does not limit the scope of the documents it requests by time period or document type, but rather seeks "any and all" documents of every conceivable type, relating in almost any way to the Authority's relationship with Plaintiffs and/or Defendants. Such a global request clearly would impose an undue burden on the Authority.

Moreover, with respect to Subpoena items 1 and 3, the information sought therein was the subject matter of a public records request made by the Plaintiffs of the Authority to which the Authority has already responded. Indeed, in responding to the January 6, 2002, public records request of the Plaintiffs, the Authority produced documents including contracts responsive to Subpoena item 3. (Exhibit No. 2, January 8, 2002, letter and receipt). Additionally, the Authority responded to each of Plaintiffs' itemized requests -- including the request for the original bid package sought in item 1. (Exhibit No. 3, January 7, 2002, letter). Therefore, to the extent that the Authority has already provided responses to the items requested in Plaintiffs' Subpoena, Plaintiffs' Subpoena imposes an undue burden and appears to have been served merely as a means of harassing the Authority.

Because it is clear that Plaintiffs' Subpoena imposes an undue burden on the Authority, the Court should quash the Subpoena in its entirety.

### D. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT FAILS TO PROVIDE ENOUGH TIME TO COMPLY

Fed. R. Civ. P. 45(c)(3)(A)(i) indicates that a subpoena *must* be quashed or modified if it fails to allow a reasonable time for compliance. The Authority was served on April 17, 2002. The Subpoena requires compliance by April 25, 2002, by 5:00 P.M., which is less than the 14 days generally permitted a subpoena opponent to object to the subpoena or file a motion to quash.

See <u>Paul v. Stewart Enterprises, Inc.</u>, 2000 WL 1171120 (E.D. La. 2000)(attached). In view of these circumstances, the time for compliance with the Subpoena is unreasonable, and the Subpoena should, therefore, be quashed.

E.  **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT REQUIRES TRAVEL GREATER THAN 100 MILES**

Fed. R. Civ. P. 45(c)(3)(A)(ii) indicates that a subpoena *must* be quashed or modified if it requires a non-party to travel more than 100 miles. <u>See also</u> <u>In re Byrd, Inc.</u>, 927 F.2d 1135, 1136 (10th Cir. 1991)(invalidating subpoena duces tecum which required non-party to travel further than 100 miles to provide documents). The Subpoena requires that the requested documents be made available for inspection and copying in Mobile, Alabama, whereas the Authority is located in New Orleans. The approximate distance between the two cities is 145 miles. Therefore, the Subpoena should be quashed as violative of Fed. R. Civ. P. 45(c)(3)(A)(ii).

F.  **THE SUBPOENA IS INVALID WITH RESPECT TO THE AUTHORITY.**

As noted above, the Subpoena purports to serve the New Orleans Convention Center. However, Ernest N. Morial New Orleans Exhibition Hall Authority is the name of the entity that was served with the disputed subpoena. "New Orleans Convention Center" is not even a trade name used by the Authority. Therefore, the Subpoena was apparently served on the wrong entity and has no force or effect with respect to the Authority.

# V.
# CONCLUSION

For the foregoing reasons, the Authority respectfully requests that the Court quash the Subpoena and accompanying "List of Documents to be Produced" served on the Authority by the Plaintiff.

Respectfully submitted,

*/s/ Matthew Chenevert*

MATTHEW P. CHENEVERT (Bar No. ;4026)
GENERAL COUNSEL
Ernest N. Morial New Orleans Exhibition
   Hall Authority
900 Convention Center Boulevard
New Orleans, LA 70130
Tel:   504-582-3073
Fax:   504-582-3031

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of this pleading to be served upon all parties and counsel of record by depositing same into the U.S. Mail, postage prepaid and properly addressed, this 26th of April, 2002.

*/s/ Matthew Chenevert*

MATTHEW P. CHENEVERT

329917.3

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED