

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY -6  AM 8: 39

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EXQUISITO SERVICES, INC.** | * | |
| **AND WILLIAM DICKERSON** | | **CIVIL ACTION** |
| **Plaintiffs** | * | **NO. 00-0049** |
| | | |
| **VERSUS** | * | **SECTION "S"** |
| | * | |
| **ARAMARK SPORTS AND** | * | **MAG. DIV. 5** |
| **ENTERTAINMENT SERVICES, INC.** | | |
| **AND JOSEPH NEUBAUER,** | * | |
| **Defendants** | | |
| * * * * * * * | * | |

## MOTION TO QUASH PLAINTIFFS' SUBPOENA TO JOSEPH BERRIGAN

NOW INTO COURT, through undersigned counsel, comes the Ernest N. Morial New
Orleans Exhibition Hall Authority (the "Authority"), which is not a party to the captioned
proceedings, and pursuant to Fed. R. Civ. P. 45, respectfully moves this Court for an Order to
quash the plaintiffs' subpoena to Joseph Berrigan, Esq.

For the reasons set forth in the attached memorandum in support, the Authority
respectfully requests that the Court quash the trial subpoena served on "Atty. Joseph Berrigan"
by the plaintiffs.



Respectfully submitted this 26th day of April, 2002.

MATTHEW P. CHENEVERT (Bar No. 4026)
Ernest N. Morial New Orleans
        Exhibition Hall Authority
900 Convention Center Boulevard
New Orleans, LA 70130
Telephone (504) 582-3073
Fax (504) 582-3031

**ATTORNEY FOR ERNEST N. MORIAL NEW
ORLEANS EXHIBITION HALL AUTHORITY
AND JOSEPH BERRIGAN**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 26th day of April, 2002.

Matthew P. Chenevert

329910

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EXQUISITO SERVICES, INC.** | * | |
| **AND WILLIAM DICKERSON** | | **CIVIL ACTION** |
| **Plaintiffs** | * | **NO. 00-0049** |
| | | |
| **VERSUS** | * | **SECTION "S"** |
| | | |
| **ARAMARK SPORTS AND** | * | **MAG. DIV. 5** |
| **ENTERTAINMENT SERVICES, INC.** | | |
| **AND JOSEPH NEUBAUER,** | * | |
| **Defendants** | | |

\*    \*    \*    \*    \*    \*    \*    \*

**ORDER**

UPON CONSIDERATION of the foregoing Motion To Quash Plaintiffs' Subpoena to

Joseph Berrigan, filed by Ernest N. Morial New Orleans Exhibition Hall Authority,

IT IS HEREBY ORDERED, that said Motion is GRANTED, and that the subpoena

served on Joseph Berrigan by plaintiffs is hereby quashed, and, therefore, Joseph Berrigan need

not appear in Court on May 6, for the trial of the captioned matter.

New Orleans, Louisiana, this _____ day of _____, 2002.

_____

**JUDGE, UNITED STATES DISTRICT COURT**

330190.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EXQUISITO SERVICES, INC.** | * | |
| **AND WILLIAM DICKERSON** | | **CIVIL ACTION** |
| **Plaintiffs** | * | **NO. 00-0049** |
| | | |
| **VERSUS** | * | **SECTION "S"** |
| | | |
| **ARAMARK SPORTS AND** | * | **MAG. DIV. 5** |
| **ENTERTAINMENT SERVICES, INC.** | | |
| **AND JOSEPH NEUBAUER,** | * | |
| **Defendants** | | |

*   *   *   *   *   *   *   *

## MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH PLAINTIFFS' SUBPOENA TO JOSEPH BERRIGAN

**MAY IT PLEASE THE COURT:**

Non-party Ernest N. Morial New Orleans Exhibition Hall Authority (the "Authority"), has this day filed a Motion to Quash Plaintiffs' Subpoena to Joseph Berrigan, seeking an Order quashing the subpoena issued by this Court and directed to "Atty. Joseph Berrigan, 400 Poydras St., New Orleans, LA 70130." The subpoena was delivered to the law offices of Joseph Berrigan upon the direction of plaintiffs Exquisito Services, Inc. and William Dickerson (collectively "Plaintiffs"). The subpoena, a copy of which is attached hereto as Exhibit "A," seeks to compel Mr. Berrigan's appearance and testimony at the trial of this matter, set for May 6, 2002.

Plaintiffs' trial subpoena directed to Mr. Berrigan was not personally served on him. Rather, the subpoena was left with personnel at his law office, at a time when he was not there. Mr. Berrigan's office received the subpoena on either April 18 or 19, 2002.[1] Service upon personnel at Mr. Berrigan's place of business does not constitute proper service under Fed. R. Civ. P. 45.

> Personal service of subpoenas is required. The use of the word "delivering" in the rule with reference to the person to be served has been construed literally. Contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.

9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure, Civil 2d*, §2454, p. 24 (1995); *Terre Haute Warehousing Serv., Inc. v. Grinnell Fire Protection Systems Co.*, 193 F.R.D. 561, 562 (S.D. Ind. 1999). Where domiciliary service is considered inadequate for the service of subpoenas, the delivery of the subpoena to Mr. Berrigan's law office should likewise be considered inadequate. Neither forms of service are personal service, which is required. Thus the Authority respectfully requests that the trial subpoena issued to Mr. Berrigan by Plaintiffs be quashed on the grounds of improper service, which does not comply with the requirements of Fed. R. Civ. Pro. 45(b).

Furthermore, Mr. Berrigan's testimony will not add any relevant information to the present dispute. Mr. Berrigan has been the outside General Counsel for the Authority from 1978 until the present. He has a general memory that Exquisito Services, Inc. was a minority business enterprise involved with the Authority, and was generally aware, through hearsay knowledge,

---

[1] The date that the subpoena was received by the personnel at Mr. Berrigan's law office was not noted by them, and Mr. Berrigan was not immediately notified of it. Furthermore, the subpoena has not been filed in the record. Therefore the exact date the subpoena was delivered to the law office has not been determined with precision.

that a disagreement developed between Exquisito and ARA Leisure Services, Inc. However, he

has no first-hand knowledge of these events and has no further independent recollection of these

events. F.R.E. 402 and 801.

Mr. Berrigan was not primarily or directly involved in the negotiation of the December

13, 1983 Food/Beverage Concession Contract for the New Orleans Convention Center between

New Orleans Public Facility Management, Inc. and the Joint Venture between ARA Leisure

Services, Inc. and Exquisito, and he was not primarily or directly involved in the negotiation of

the October 13, 1989 Food/Beverage Concession Contract for the New Orleans Convention

Center between NOPFMI and ARA Leisure Services, Inc. Although Mr. Berrigan has read these

agreements as some point, he has no first-hand knowledge of the events giving rise to this

lawsuit.

Given the limited knowledge that Mr. Berrigan has pertaining to this lawsuit, and the fact

that much of his testimony is would be inadmissible hearsay, the granting of the motion to quash

the trial subpoena issued to Mr. Berrigan will not prejudice Plaintiffs case. Thus the Authority

respectfully requests that the trial subpoena issued to Mr. Berrigan by Plaintiffs be quashed on

the basis that Mr. Berrigan has no relevant testimony.

The Authority further notes that to the extent any testimony elicited from Mr. Berrigan

relates to his advices or opinions arising out of his representation of the Authority, it is

confidential and subject to the attorney-client privilege. *Wells v. Rushing*, 755 F.2d 376, 379 n.2

(5th Cir. 1985).

Finally, the Authority notes that Mr. Berrigan is presently scheduled to be out of the state from May 5, 2002 through May 10, 2002. Mr. Berrigan's made his plans to be in Laredo, Texas, prior to receiving the subpoena, and before he became aware of this proceeding.

Therefore, the Authority moves for a motion to quash the subpoena issued to Mr. Berrigan, in this Court's discretion, based on the fact that the subpoena has not been properly served upon him, and/or based on the totality of the circumstances, that Mr. Berrigan has no relevant independent recollection of the events giving rise to the dispute in the captioned matter, thus his absence would not prejudice Plaintiffs' case, and that to the extent his testimony would relate to his advices and opinions through the course of his representation of the Authority, it is privileged.

Respectfully submitted this 20th day of April, 2002.

**MATTHEW P. CHENEVERT (Bar No. 4026)**
Ernest N. Morial New Orleans
   Exhibition Hall Authority
900 Convention Center Boulevard
New Orleans, LA 70130
Telephone (504) 582-3073
Fax (504) 582-3031

**ATTORNEY FOR ERNEST N. MORIAL NEW ORLEANS EXHIBITION HALL AUTHORITY AND JOSEPH BERRIGAN**

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 26th day of April, 2002.

Matthew P. Chenevert

330195.1

O AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

**EASTERN**  DISTRICT OF  **LOUISIANA**

EXQUISITO SERVICES, INC.

V.

ARAMARK SPORTS AND ENTERTAINMENT
SERVICES, INC.

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 01-0049 SEC. "S"

TO: ATTY. JOSEPH BERRIGAN
    400 POYDRAS ST.
    NEW ORLEANS, LA 70130

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| UNITED STATES  COURTHOUSE<br>600 CAMP ST.<br>NEW ORLEANS, LA 70130 | C-4-14 |
| | DATE AND TIME<br>MAY 6, 2002 at  9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] Atty for Plaintiff* | MAY 3, 2002 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LINDA RITZIE, 3408 NORTH BELTLINE DR.,  MOBILE, AL 36617
(251) 452-3517

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



**EXHIBIT**

A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

on _____          _____
        DATE                        SIGNATURE OF SERVER

                                 _____
                                 ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

O AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

**EASTERN**    DISTRICT OF    **LOUISIANA**

EXQUISITO SERVICES, INC.

            V.

ARAMARK SPORTS AND ENTERTAINMENT
SERVICES, INC.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 01-0049  SEC. "S"

TO: ATTY. JOSEPH BERRIGAN
     400 POYDRAS ST.
     NEW ORLEANS, LA 70130

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>UNITED STATES COURTHOUSE<br>600 CAMP ST.<br>NEW ORLEANS, LA 70130 | COURTROOM<br>C-4-14 |
| --- | --- |
| | DATE AND TIME<br>MAY 6, 2002 at 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Linda Ritzie Atty for Plaintiff* | MAY 3, 2002 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LINDA RITZIE, 3408 NORTH BELTLINE DR., MOBILE, AL 36617
(251) 452-3517

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

| on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.