FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR 26  PM 4: 51

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. AND WILLIAM DICKERSON<br>    Plaintiffs | * * | CIVIL ACTION<br>NO. 00-0049 |
| VERSUS | * | SECTION "S" |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER,<br>    Defendants | * * | MAG. DIV. 5 |

* * * * * * * *

## MOTION FOR EXPEDITED HEARING

NOW INTO COURT, through undersigned counsel, comes defendant, ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK"), which requests an expedited hearing on its Motion in Limine To Exclude Trial Testimony, Exhibits and Issues of Fact and Law because the matters therein will affect Plaintiffs' and Defendants' preparation for trial in this matter, which is presently set for May 6, 2002. An expedited hearing of this matter should be conducted in the interest of justice.

ARAMARK's Motion to Strike, previously filed, is set for hearing before Magistrate Judge Alma L. Chasez, at 5:00 p.m. on April 30, 2002. ARAMARK respectfully requests that the hearing on this Motion in Limine also be set at that time, in the interest of judicial economy.

Respectfully submitted this 26th day of April, 2002.

_____
E. FREDRICK PREIS, JR. (10704)
CRAIG L. CAESAR, T.A. (19235)
ANNE D. LE JEUNE (24829)
McGLINCHEY STAFFORD
Professional Limited Liability Company
643 Magazine Street
New Orleans, LA 70130
Telephone (504) 586-1200
Fax (504) 596-2800

**ATTORNEYS FOR ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 26th day of April, 2002.

_____
Anne D. Le Jeune

328672.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. <br> AND WILLIAM DICKERSON <br>     Plaintiffs | * <br> * <br> * | CIVIL ACTION <br> NO. 00-0049 |
| VERSUS | * | SECTION "S" |
| ARAMARK SPORTS AND <br> ENTERTAINMENT SERVICES, INC. <br> AND JOSEPH NEUBAUER, <br>     Defendants | * <br>   <br> * | MAG. DIV. 5 |

\* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED that the Motion in Limine To Exclude Trial Testimony, Exhibits and Issues of Fact and Law of defendant, ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK"), be set for hearing on _____ 2002 at 10:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Judge _____, United States District Court, Eastern District of Louisiana.

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
**JUDGE, UNITED STATES DISTRICT COURT**

328672.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. | * | |
| AND WILLIAM DICKERSON | | CIVIL ACTION |
|     Plaintiffs | * | NO. 00-0049 |
| | | |
| VERSUS | * | SECTION "S" |
| | | |
| ARAMARK SPORTS AND | * | MAG. DIV. 5 |
| ENTERTAINMENT SERVICES, INC. | | |
| AND JOSEPH NEUBAUER, | * | |
|     Defendants | | |

\*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
TRIAL TESTIMONY, EXHIBITS AND ISSUES OF FACT AND LAW
AND INCORPORATED SUPPORTING MEMORADUM**

**NOW INTO COURT**, through undersigned counsel, comes defendant, ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK"), and respectfully submits this Motion in Limine To Exclude Trial Testimony, Exhibits and Issues of Fact and Law, and Incorporated Supporting Memorandum, and moves this Honorable Court for an Order excluding from trial of this lawsuit, certain testimony, exhibits and issues, as fully discussed below. These matters which ARAMARK seeks to exclude have been identified by Plaintiffs, Exquisito Services, Inc. ("Exquisito") and William Dickerson ("Dickerson") (collectively "Plaintiffs"), in the Pre-Trial Order

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No._____

I.  **Evidence Which Should be Excluded on the basis of Non-Compliance with the Court's Scheduling Order.**

   A.  **Copy of Hold Harmless Letter From ARAMARK to NOPFMI was Not Identified in Plaintiffs' Witness List**

The Court's Scheduling Order, entered on July 26, 2001, and amended on November 21, 2001 and on January 17, 2002, sets a January 4, 2002 deadline for the exchange of witness and exhibits lists, including a list of "all exhibits which may or will be used at trial." The Scheduling Order further explains that the Court will not permit any "exhibits to be used, unless there has been compliance with" the Scheduling Order.

Although Plaintiffs have listed in the Pre-Trial Order, as Plaintiffs Exhibit No. 1, "Copy of hold harmless letter from ARAMARK to NOPFMI,"[1] this exhibit was not listed on the Plaintiffs' Exhibits list dated January 4, 2002. *See* Pre-Trial Order, p. 11. Rather, Plaintiffs' January 4, 2002 exhibit list described a "Copy of hold harmless letter from ARAMARK to NOPSI." This exhibit, as discussed in Section IV., below, has been excluded by the Court's March 20, 2002 Order. The letter Plaintiffs now list as an exhibit in the Pre-Trial Order was not previously included on the Plaintiffs' January 4, 2002 exhibit list, and therefore, should be excluded.

Additionally, the letter is irrelevant to the matters at issue in this trial. Any indemnification offered by ARAMARK to NOPFMI addresses possible liability of NOPFMI, not that of ARAMARK. NOPFMI is not a party to this contract dispute, and was not a party to the Joint Venture Agreement. Therefore, such letter is irrelevant to the case at bar, and will add little, if any, evidence of probative value to the merits of this case. F.R.E. 403.

---

[1] "NOPFMI" refers to New Orleans Public Facility Management, Inc. (hereinafter "NOPFMI").

2

## II.    Irrelevant and Cumulative Testimony

In the Pre-Trial Order, Plaintiffs have identified thirteen witnesses, excluding Joseph Neubauer[2], who will all testify "regarding negotiation of Joint Venture Agreement and 1983 Food/Beverage Concession Contract." *See* Pre-Trial Order, pp. 12-14.  These witnesses, as identified by Plaintiffs in the Pre-Trial Order, include: Dickerson, Carlton Pecot, Charles M Gillensie, Michael C. Valley, Raymond Liuzza, Mr. Harold Wesley, Warren Chandler, Milton Harris, Steven Schpiest, Atty. Joseph Berrigan, Robert Palumbo, John Dee, and Ray Davis.[3] (Plaintiffs Witnesses, Nos. 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15 and 16).  ARAMARK moves to exclude the testimony of all but two of these witnesses: Dickerson and Carlton Pecot,[4] on the basis that such testimony is irrelevant and, moreover, is cumulative and will constitute undue delay and a waste of time.  F.R.E. 402 and 403.

First, the existence of the Joint Venture Agreement and the existence of the 1983 Food/Beverage Concession Contract are not at issue in this matter, and their interpretation has not been raised.  No pleadings or Issues of Fact or Law in the Pre-Trial Order, have suggested that the terms of these agreements are ambiguous or require extrinsic evidence to their meaning and intent.  Therefore, testimony relating to the negotiation of these contracts is irrelevant and will not constitute probative evidence  F.R.E. 401.  Both parties agree that there was a Joint Venture Agreement, and that there was a 1983 Food/Beverage Concession Contract with

---

[2] *See* discussion in Section IV., below

[3] The testimony of Charles M. Gillensie and Warren Chandler, is actually described in the Pre-Trial Order as, "Will testify regarding the Joint Venture Agreement and 1983 Food/Beverage Concession Contract."

[4] Michael Kelly has been listed as a witness by ARAMARK, and to the extent Plaintiffs have identified him as a witness through their designation of, "Any witness listed by any other party," ARAMARK does not object to his testimony on the grounds that his testimony is cumulative.

3

NOPFMI. The issues relevant in this lawsuit are whether Exquisito breached the terms of the Joint Venture Agreement, whether ARAMARK tendered proper notification of breach to Exquisito, at what point in time the 60 day cure period under the Joint Venture Agreement began running, whether ARAMARK breached the Joint Venture Agreement, and whether damages may be established. The 1983 Food/Beverage Concession Contract is only relevant to the extent the Joint Venture Agreement refers to it. Dickerson and Pecot, the principals of Exquisito, are the proper parties to testify regarding the negotiation of the Joint Venture Agreement.

Furthermore, to the extent any testimony regarding the negotiation of the 1983 Food/Beverage Concession Contract is relevant, Dickerson and Pecot are competent to testify. There is no reason to allow eleven other witnesses to testify on the exact same subject. ARAMARK requests that testimony "regarding negotiation of Joint Venture Agreement and 1983 Food/Beverage Concession Contract" be limited to Dickerson and Carlton Pecot, if it is determined at trial that any issue arising out of the negotiation of Joint Venture Agreement and 1983 Food/Beverage Concession Contract is relevant.

### III.   ARAMARK's Submission of a New Bid

ARAMARK moves to strike issues of law and fact which relate to the issue of "[w]hether ARAMARK was ever required to submit a new bid for a new Food/Beverage Concession Contract for the New Orleans Convention Center pursuant to which, ARAMARK alone was to provide services to the Convention Center." *See* Pre-Trial Order, Plaintiffs Contested Issues of Facts, No. 5, p. 8. In this lawsuit, the only claim which Plaintiffs have asserted against ARAMARK is for breach of the Joint Venture Agreement. Whether or not ARAMARK submitted a new bid, as described above, is not relevant to Plaintiffs' breach of contract action.

By incorporating this issue of fact into the Pre-Trial Order, Plaintiffs are attempting to expand the scope of their First Amended Complaint, and this should not be allowed at this late date. Nowhere in the First Amended Complaint is such an issue raised, or even implied. Therefore, without a Motion for Leave to Amend, Plaintiffs may not inject into this lawsuit a new and unrelated issue to be addressed at trial.[5]

### IV.   Testimony and Exhibits the Subject of the Court's March 20, 2002 Order to Strike

Additionally, ARAMARK brings to the Court's attention that Plaintiffs have listed in the Pre-Trial Order certain witnesses and exhibits which have already been ruled upon by the Court. By Order dated March 20, 2002, the Court granted defendants' motion to strike three witnesses from Plaintiffs' witness list: (1) Plaintiffs' expert witness,[6] (2) Joseph Neubauer and (3) "Al", and to strike two exhibits from Plaintiffs' exhibit list: (1) "Copy of hold harmless letter from ARAMARK to NOPSI" and (2) "A copy of the New Orleans Codes in effect in 1983."

Nevertheless, Plaintiffs in the Pre-Trial Order have identified as trial witnesses "Joseph Neubauer" and "Dr. Thomson – Expert witness, Economist." *See* Pre-Trial Order, Plaintiffs Witnesses Nos. 3 and 13, pp. 13-14. Also, Plaintiffs in the Pre-Trial Order have listed as Plaintiffs Exhibits, "Copy of a hold harmless letter from ARAMARK to NOPFMI,"[7] and "A copy of the New Orleans Codes in effect in 1983." *See* Pre-Trial Order, Plaintiffs Exhibits Nos. 1 and 4, p. 11.

---

[5] ARAMARK would object to any Motion to Amend at this late date, not only on the basis of timeliness, but also on the merits of the claim, which ARAMARK does not address herein, because the issue has clearly not been properly injected into this lawsuit.

[6] The expert witness who was the subject of the Court's March 20, 2002 Order was identified as "Dr. Thompson – Expert witness, economist," in Plaintiffs' Witness List. At the time defendants filed their Motion to Strike, Plaintiffs had submitted no expert report, and as of this date, have not submitted any expert report.

[7] Plaintiffs Exhibits, No. 1, "Copy of hold harmless letter from ARAMARK to NOPFMI," is addressed in Section I.A., above.

ARAMARK respectfully requests that this Court recognize its previously issued Order, and (1) exclude the testimony of any expert witness Plaintiffs may offer and the testimony of Joseph Neubauer at the trial of this matter, and (2) exclude from introduction into evidence "A copy of the New Orleans Codes in effect in 1983."

## CONCLUSION

For all the foregoing reasons, defendant ARAMARK respectfully moves that this Honorable Court grant its motion, issue an order striking from the Pre-Trial Order and prohibiting the use at trial the following: (1) Plaintiffs Exhibits, No. 1 ("Copy of a hold harmless letter from ARAMARK to NOPFMI"); (2) testimony of eleven witnesses (Plaintiffs Witnesses, Nos. 5, 6, 7, 8, 9, 10, 11, 12, 14, 15 and 16), "regarding negotiation of Joint Venture Agreement, and 1983 Food/Beverage Concession Contract"; (3) any issue of law or fact related to Plaintiffs Issues of Facts, No. 5, concerning ARAMARK's submission of a new bid; (4) Plaintiffs Witnesses, Nos. 3 and 13 (Joseph Neubauer and any expert witness); and (5) Plaintiffs Exhibits, No. 4 ("A copy of the New Orleans Codes in effect in 1983").

Respectfully submitted this 26th day of April, 2002.

_____
E. FREDRICK PREIS, JR. (10704)
CRAIG L. CAESAR, T.A. (19235)
ANNE D. LE JEUNE (24829)
MCGLINCHEY STAFFORD
Professional Limited Liability Company
643 Magazine Street
New Orleans, LA 70130
Telephone (504) 586-1200
Fax (504) 596-2800

**ATTORNEYS FOR ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed this 26th day of April, 2002.

_____
Anne D. Le Jeune

328672.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXQUISITO SERVICES, INC. AND WILLIAM DICKERSON<br>　　Plaintiffs | * * | CIVIL ACTION<br>NO. 00-0049 |
| VERSUS | * | SECTION "S" |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. AND JOSEPH NEUBAUER,<br>　　Defendants | * * | MAG. DIV. 5 |

\*　\*　\*　\*　\*　\*　\*　\*

## ORDER

UPON CONSIDERATION of the foregoing Defendant's Motion in Limine To Exclude Trial Testimony, Exhibits and Issues of Fact and Law, and Incorporated Supporting Memorandum, filed by defendant, ARAMARK Sports and Entertainment Services, Inc.,

IT IS HEREBY ORDERED, that Defendant's Motion in Limine To Exclude Trial Testimony, Exhibits and Issues of Fact and Law be and the same is hereby GRANTED, and

IT IS FURTHER ORDERED, that the following are stricken from the Pre-Trial Order and excluded from use at trial: (1) Plaintiffs Exhibits, No. 1 ("Copy of a hold harmless letter from ARAMARK to NOPFMI"); (2) testimony of eleven witnesses, (Plaintiffs Witnesses, Nos. 5, 6, 7, 8, 9, 10, 11, 12, 14, 15 and 16), "regarding negotiation of Joint Venture Agreement, and 1983

Food/Beverage Concession Contract"; (3) any issue of law or fact related to Plaintiffs Issues of Facts, No. 5, concerning ARAMARK's submission of a new bid; (4) Plaintiffs Witnesses, Nos. 3 and 13 (Joseph Neubauer and any expert witness); and (5) Plaintiffs Exhibits, No. 4 ("A copy of the New Orleans Codes in effect in 1983").

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
**JUDGE, UNITED STATES DISTRICT COURT**

328672 1